461 So.2d 765 (1984)
Robert C. KILPATRICK
v.
MISSISSIPPI BAPTIST MEDICAL CENTER, et al.
No. 55303.
Supreme Court of Mississippi.
December 19, 1984.
*766 Fred T. Rucker, Scales & Scales, Jackson, for appellant.
Cary E. Bufkin, Jim Bullock, Shell, Buford, Bufkin, Callicutt & Perry, Heber A. Ladner, Jr., Stephen P. Kruger, Upshaw & Ladner, Jackson, for appellees.
Before WALKER, P.J., and BOWLING and PRATHER, JJ.
PRATHER, Justice, for the Court:
The question of the propriety of a dismissal of an action with prejudice for failure to comply with discovery order under Miss. Code Ann. § 13-1-237(b)(2)(C) (Supp. 1982) is the question addressed by this appeal.
The Circuit Court of the First Judicial District of Hinds County, Mississippi ordered the dismissal of the complaint with prejudice for failure to obey a discovery order of the court requiring the answering of medical and expert opinion interrogatories. The complainant Kilpatrick assigns as error the following:
The trial court committed fatal and reversible error in holding as a matter of law that the plaintiff/appellant's inability to obtain an independent expert medical witness by a designated date constituted evasive and incomplete "non" answers by appellant to appellee's interrogatories justifying the extreme sanction and penalty of dismissal of this cause with prejudice as to the defendants, Mississippi Baptist Medical Center, Dr. Jon R. Meyer and Dr. T.K. Williams, appellees here.

I.
On August 20, 1978 Robert Kilpatrick was working as a tile worker for Armstrong Fork Company in Jackson when a co-worker lost control of a forklift which ran into Kilpatrick injuring his right foot. Kilpatrick was taken to the Mississippi Baptist Medical Center where he was given emergency treatment by Dr. Jon R. Meyer. Appellant was then referred to Dr. T.K. Williams and subsequently referred to Dr. McWillie M. Robinson, Jr., an orthopedic surgeon. Later he was treated by another orthopedic surgeon, Dr. Frazier Ward, III.
On August 18, 1980, Kilpatrick filed his declaration in circuit court alleging medical malpractice against the three appellees, Mississippi Baptist Medical Center, Dr. Meyer and Dr. Williams, seeking judgment in the amount of five hundred thousand dollars ($500,000.00) plus all costs and interests.
On November 12, 1980 appellant was first served with interrogatories by appellee Dr. Williams. On January 26, 1981 appellant filed his answer and responses. Dr. Williams was dissatisfied with appellant's answers and failure to answer and on March 13, 1981 filed a motion to compel answer. Three questions and answers formed the basis for the court's later order and dismissal. When asked to identify expert witnesses that appellant expected to call at trial, the response was "At this time, neither I nor my attorney have any crystal clear plans for calling any expert witnesses for my case. If and when these plans are changed including the expert witnesses, I will supplement my answers required by law to do so." The other questions also concerned expert witnesses and were not answered.
On May 20, 1981, the circuit judge entered an order compelling appellant to answer Dr. Williams' interrogatories. June 8, 1981 was set as the deadline to answer the medical and expert opinion interrogatories and the order stated that if Kilpatrick did not file answers to these interrogatories that his case as to Dr. Williams would be dismissed with prejudice.
On June 8, 1981 appellant asked the court for twenty one (21) days additional time. Appellant's attorney argued appellant had recently undergone heart surgery and was in no position to assist in procuring a medical expert. It was also said that because of scheduling conflicts appellant had been unable to set up an appointment with Dr. Frazier Ward, III, for consideration as a possible medical expert.
*767 On June 22, 1981 the court pursuant to appellee Williams' motion to dismiss ordered the cause dismissed for failure to answer interrogatories regarding expert medical witnesses.
On October 11, 1983 an order of dismissal was granted on behalf of the remaining appellees. The order claimed that the remaining defendants "adopted by reference the motions and arguments of Dr. T.K. Williams and were entitled to the same benefits" of dismissal with prejudice.

I.
Miss. Code Ann. § 13-1-226(b)(4) (Supp. 1984) provides for discovery through interrogatories of the identity of, the facts known and opinions held by experts the other party expects to call at trial. Compliance with discovery may be enforced by motion of a party addressed to the court to compel discovery. The party seeking discovery must first obtain a court order to compel the discovery from the recalcitrant party or witness. The violation of the court order gives rise to the imposition of court sanctions. Ladner v. Ladner, 436 So.2d 1366 (Miss. 1983). Also, under the inherent power of courts to protect the integrity of their process, courts may impose sanctions without a court order. Ladner, supra; Wright & Miller, Federal Practice and Procedure § 2050 (1970). The statutory authority for imposing sanction is found in Miss. Code Ann. § 13-1-237(b)(2)(C) (Supp. 1982), which provides:
(2) Sanctions by court in which action is pending. If a party or an officer, director, or managing agent of a party or a person designated under section 13-2-230(b)(6) or section 13-1-231(a) to testify in behalf of a party fails to obey an order to provide or permit discovery, including an order made under subsection (a) of this section, the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:
(C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party;
This Court has repeatedly upheld sanctions against a party for failure to respond to expert interrogatories. Ladner v. Ladner, 436 So.2d 1366 (Miss. 1983); Huff v. Polk, 408 So.2d 1368 (Miss. 1982); Square D. Company v. Edwards, 419 So.2d 1327 (Miss. 1982); Clark v. Mississippi Power Company, 372 So.2d 1077 (Miss. 1979).
In the imposition of sanction, the trial court has considerable discretion in matters pertaining to discovery and its orders will not be disturbed in the absence of abuse of discretion. Clark v. Mississippi Power Co., 372 So.2d 1077 (Miss. 1979); Harkins v. Paschall, 348 So.2d 1019 (Miss. 1977); Paulk v. Housing Authority of City of Tupelo, 228 So.2d 871 (Miss. 1969).
Thus, there is presented for decision here whether the trial court abused his discretion in applying the drastic sanction of dismissal with prejudice in this case.
The defendant Williams sought and received a court order compeling discovery of the plaintiff by May 27, 1981 as to non-medical answers and by June 8, 1981 as to identity and opinion of the plaintiff's expert by June 8, 1981. On May 27th, the plaintiff filed his supplemental response and stated as to expert witnesses question the answer "none at this time." On June 8 the plaintiff asked for 21 days additional time "to produce an expert medical witness". The grounds stated by Kilpatrick were: (1) his open heart surgery and (2) conflicting schedule of a proposed expert witness, Dr. Frazier Ward, III. The trial judge, on June 22, 1981, dismissed the suit as to the defendant Dr. T.K. Williams.
The remaining two defendants waited eight months and adopted the same interrogatories as Dr. Williams and renoticed the plaintiff to answer the same interrogatories as to medical expert witnesses or suffer dismissal with prejudice as to the remaining two defendants. The renotice of motion to dismiss or remaining defendant was filed November 30, 1982 setting February *768 11, 1983 as the hearing date. The dismissal with prejudice as to the remaining defendants was entered October 11, 1983.
The initial request for 21 additional days time contained allegations of grounds that may be meritorious, but nonetheless the trial judge did not act on the request for 14 days thereafter. The plaintiff took no action as to the two remaining defendants for over two years thereafter.
If the failure to comply is because of inability to comply, rather than because of willfulness, bad faith, or any fault of the party, the action may not be dismissed, nor a default judgment given, and less severe sanctions are the most that can be invoked. This merely emphasizes the fact that Rules 37(b) and 37(d) call upon the court to "make such orders in regard to the failure as are just," and that justice requires that the most drastic sanctions be reserved for flagrant cases.
Wright & Miller, Federal Practice and Procedure (1970) § 2284.
Appellant concedes that expert testimony is essential to his case. In a medical malpractice action negligence cannot be established without expert medical testimony that the appellee failed to use ordinary skill and care. Hawkins v. Ozborn, 383 F. Supp. 1389 (N.D.Miss. 1974); Dazet v. Bass, 254 So.2d 183 (Miss. 1971). The fact that the results of the doctor's treatment were unsuccessful does not give rise to a presumption of negligence. Rainey v. Horn, 221 Miss. 269, 72 So.2d 434 (1964); Hawkins v. Ozborn, supra.
When the case against the first appellee, Dr. Williams, was dismissed, the sanction had been announced in advance in the court's order compelling answer to the interrogatories. When the remaining appellees were granted a dismissal nearly three years had passed since the appellant was first requested to name his medical experts. There is no evidence that this was not adequate time in which to begin to prepare a case apart from appellant's contention of impossibility because of the "situation and circumstances."
This Court holds that under the facts of this case there is no abuse of discretion in applying a drastic sanction.
AFFIRMED.
PATTERSON, C.J., WALKER, and ROY NOBLE LEE, P.JJ., and BOWLING, DAN M. LEE, ROBERTSON and SULLIVAN, JJ., concur.
HAWKINS, J., not participating.