**Steven R. SEARCY, Plaintiff,**

v.

**William C. SANDERS, Defendant.**

**Civ. A. No. EC 84–219–GD–D.**

United States District Court,
N.D. Mississippi, E.D.

Feb. 5, 1986.

Donald J. Steighner, Columbus, Miss., for plaintiff.

Taylor B. Smith, David L. Sanders, Columbus, Miss., for defendant.

### MEMORANDUM OPINION SUSTAINING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

DAVIDSON, District Judge.

This cause is before the court on the defendant's motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. For the reasons stated herein, the court is of the opinion that the defendant's motion is well taken and should be granted.

The plaintiff, Steven R. Searcy, filed suit against Dr. William C. Sanders on June 4, 1984, alleging that the defendant had committed medical malpractice in treating injuries to the plaintiff's leg. The plaintiff contended that the defendant negligently performed surgery on the plaintiff's leg, negligently failed to ascertain that the plaintiff's leg was not healing properly, and negligently placed a pin in the plaintiff's leg. The plaintiff further alleged that because of the defendant's negligence, there was a non-union of the fractured bone in the plaintiff's leg. The plaintiff claims that he had to undergo further corrective surgery and had to have skin and bone grafts because of this alleged non-union.

On April 15, 1985, the defendant filed a motion for summary judgment together with a brief in support of summary judgment, affidavits and portions of plaintiff's deposition. The defendant contended that his treatment of the plaintiff's injuries met required medical standards of care. The defendant stated by affidavit that it is usual for several months to lapse before any healing of an injury such as the plaintiff's injury will occur. If there is no healing of the bone within six months of the fracture, a "non-union" is said to exist. Further surgery is necessary only when there is a definite non-union. The defendant testified in his affidavit that his examination of the plaintiff's leg on November 9, 1982, indicated that union was occurring and that additional surgery would not be necessary. The defendant also stated that even when there is non-union, that fact alone does not demonstrate that medical malpractice has been committed because non-union could occur in the best of circumstances.

The affidavit of Dr. Louis Farber is attached to the defendant's motion for sum-

mary judgment and supports the defendant's position.

The plaintiff never responded to the defendant's motion for summary judgment, although the ten-day period for response prescribed by Local Rule 8(d) expired over nine months ago.

Pursuant to Federal Rule of Civil Procedure 56(c), an order for summary judgment is proper if, when reviewing the evidence in a light most favorable to the non-moving party, "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Galindo v. Precision American Corp.*, 754 F.2d 1212, 1216 (5th Cir.), *reh'g denied*, 762 F.2d 1004 (5th Cir.1985); *Russell v. Harrison*, 736 F.2d 283, 287 (5th Cir.1984); *Transource International, Inc. v. Trinity Industries, Inc.*, 725 F.2d 274, 279 (5th Cir. 1984).

In determining whether there is a genuine issue of fact, the court first considers the elements that must be proved to establish a cause of action. *See, e.g., Ferguson v. National Broadcasting Co., Inc.*, 584 F.2d 111, 113 (5th Cir.1978).

To establish a cause of action for medical malpractice, a plaintiff must establish that the physician did not use the minimally acceptable level of care, skill and diligence that physicians in good standing in the same line of practice ordinarily have and exercise in similar situations. *Hall v. Hilbun*, 466 So.2d 856, 869 (Miss.1985); *Kilpatrick v. Mississippi Baptist Medical Center*, 461 So.2d 765, 768 (Miss.1984). To show that a physician was negligent in treating the plaintiff, the plaintiff must present expert medical testimony that the physician failed to use ordinary skill and care in treating the plaintiff. *Hawkins v. Ozborn*, 383 F.Supp. 1389, 1395 (N.D.Miss. 1974); *Dazet v. Bass*, 254 So.2d 183, 187 (Miss.1971). A physician will not be held liable for any untoward result that may occur after his treatment of a patient. *Dazet*, 254 So.2d at 187. Evidence of negligence must in fact be shown. *Id.* In the case *sub judice*, the plaintiff has not presented affidavits, depositions or any other form of evidence that would support an action for medical malpractice. The plaintiff has submitted no more than pleadings containing conclusory allegations.

■■■ It is the function of summary judgment proceedings to pierce the pleadings so as to determine whether a genuine factual issue does or does not exist. *Golden Oil Co. v. Exxon Co., U.S.A.*, 543 F.2d 548, 551 (5th Cir.1976). When a summary judgment motion is made pursuant to Rule 56 and is supported by sufficient evidence, the burden then shifts to the non-moving party to demonstrate that there exists a genuine issue of material fact in the case. *See, e.g., Hargrove v. Fibre Board Corp.*, 710 F.2d 1154, 1163 (5th Cir.1983); *Nicholas Acoustics & Specialty Co. v. H.M. Construction Co.*, 695 F.2d 839, 844 (5th Cir.1983). While the court must consider a motion for summary judgment in a light most favorable to the non-moving party, "a plaintiff cannot establish a genuine issue of material fact by resting on the mere allegations of its pleadings. On the contrary, 'once a defendant has made ... sworn denials, summary judgment is appropriate unless the plaintiff can produce *significant evidence* demonstrating the existence of a genuine fact issue.'" *Russell*, 736 F.2d at 287 (emphasis in original) (quoting *Parsons v. Ford Motor*, 669 F.2d 308, 313 (5th Cir.), *cert. denied*, 459 U.S. 832, 103 S.Ct. 73, 74 L.Ed.2d 72 (1982)); *accord Walker v. U-Haul Company of Mississippi*, 734 F.2d 1068, 1071 (5th Cir.1984); *Union Planters Nat. Leasing v. Woods*, 687 F.2d 117, 119 (5th Cir.1982); *In re Municipal Bond Reporting Antitrust Litigation*, 672 F.2d 436, 440 (5th Cir.1982); *Ferguson v. National Broadcasting Co., Inc.*, 584 F.2d 111, 114 (5th Cir.1978). The non-moving party must respond by affidavits setting forth specific facts that illustrate a genuine dispute of fact. *Exxon*, 543 F.2d at 551. The non-moving party is not allowed to wait until trial to assert his claims that are relevant to the motion for summary judg-

ment. *Id.* Specifically, in a medical malpractice case, affidavits or depositions of physicians must be submitted to support a plaintiff's claim that a genuine issue of fact exists. *See Vidrine v. Enger,* 752 F.2d 107, 110 (5th Cir.1984).

■ If the party opposing summary judgment does not respond to the motion for summary judgment, the motion, if appropriate, will be entered against him. Fed.R.Civ.P. 56(e). In the instant case, the defendant has properly supported his motion for summary judgment and has established a prima facie showing that there is no genuine issue of material fact in the affidavits, depositions or other discovery material. The plaintiff has done nothing to counter the defendant's prima facie proof or to challenge the validity of the defendant's assertions. The plaintiff is relying exclusively on the conclusory allegations in his pleadings. Such conclusions cannot be considered as probative evidence in a summary judgment proceeding. *Ferguson,* 584 F.2d at 113. *See also Russell,* 736 F.2d at 289; *Benton-Volvo-Metairie, Inc. v. Volvo Southwest, Inc.,* 479 F.2d 135 (5th Cir. 1973).

"[R]ule 56 requires that the opposing party be diligent in countering a motion for summary judgment, and mere general allegations which do not reveal detailed and precise facts will not prevent the award of summary judgment." *Nicholas Acoustics,* 695 F.2d at 844.

Accordingly, the court is of the opinion that the defendant's motion for summary judgment is appropriate and is hereby granted.

Let an order issue accordingly.