WALKER, Presiding Justice,
for the Court:
Complaint was filed in the Circuit Court of Jones County, Mississippi by James Parks and Ashley Parks, a minor, against the defendants, McKinley Knight, James E. Pruitt and the City of Laurel. The suit alleged the negligent acts of the defendants resulted in the death of Pamela Parks, wife of James and mother to Ashley. On the 19th of October, 1985, Knight, while acting in his official capacity as a policeman with the City of Laurel, entered into pursuit of a speeding vehicle driven by Pruitt. The Pruitt vehicle crashed into a vehicle driven by Pamela Parks. Pamela died as a result of injuries sustained in the collision. The Parks sought judgment in the amount of Ten Million Dollars ($10,-000,000.00) actual damages and Ten Million Dollars ($10,000,000.00) punitive damages.
The defendants, Knight and the City of Laurel, filed a motion for summary judgment. Following a hearing the lower court sustained the motion on January 22, 1986 premised on the application of the doctrine of sovereign immunity. Final order was entered on March 20, 1986. The lower court also entered an order of dismissal of the defendant Pruitt without prejudice on motion of the Parks on March 20, 1986.
Notice and petition for appeal from the January 22,1986 court order granting summary judgment was filed by the Parks on March 20, 1986. A motion to docket and dismiss the appeal was filed in the Supreme Court Clerk’s Office on May 9, 1986 by Knight and the City of Laurel. The basis of the motion is that the Parks failed to post bond or prepay the costs of appeal as required under Rule 48(h)(1) of the Mississippi Supreme Court Rules within thirty *219 (30) days of the entry of the final order of the lower court's decision which was March 20, 1986.
Rule 48(h)(1) reads:
(h)(1) Within the same 30 day period for which provision is made under subpara-graph (b) of this rule, as the same may be enlarged or extended as provided by subparagraph (f) or subparagraph (g), whichever may be applicable, the party taking the appeal shall estimate the cost of preparation of the record on appeal, including, but not limited to, the cost of the preparation of the transcript, and shall deposit said sum with the clerk of the court whose judgment, order or decree has been appealed. The appellant should immediately thereafter file with the clerk of the trial court his certificate setting forth the facts of his compliance with this subparagraph and should serve a copy of said certificate upon all other parties and upon the court reporter. An appeal shall not be dismissed for informality in the form or contents of this certificate nor for the timing of its filing.
The appellants filed their prepayment costs on April 24, 1986, four (4) days after the thirty (30) day period had run.
Ashley Parks, however, is two years of age. Under Mississippi Supreme Court Rule 48(j) Ashley is allowed a two (2) year period in which to file her appeal. Rule 48(j) reads:
(j) In the case of parties under a disability of infancy or unsoundness of mind, the various periods of time for which provision is made in this rule and within which periods of time action must be taken shall not begin to run until the date on which the disability of any such party shall have been removed. However, in cases where the appellant infant or person of unsound mind was a plaintiff or complainant, and in cases where such a person was a party defendant and there had been appointed for him or her a guardian ad litem, appeals to this Court shall be taken in the manner prescribed in this rule within two years of the entry of the order, judgment or decree which would cause to commence the running of the thirty (30) day time period for all other appellants as provided in this rule. [See Miss.Code Ann. § 11-51-5 (Supp.1982)].
The first question to be considered in ruling on the motion to docket and dismiss is whether Rule 48(j) tolls the filing of prepayment cost on appeals as it applies to Ashley Parks? Reading Rules 48(h)(1) and (j) together Ashley was allowed to file her appeal and prepayment of cost within two (2) years of the entry of the lower court’s final order.
The second question raised is: Does the fact that Ashley Parks was joined by her father in the lawsuit negate the applicability of Rule 48(h)(1) as it applies to him?
The Parks contend, under Rule 48(e) of the Mississippi Supreme Court Rules, whenever a party timely perfects an appeal, all other parties may join therein, thus the appeal of James Parks individually is not barred as his notice was filed simultaneously with that of Ashley Parks. Rule 48(e) reads:
(e) If a timely notice of appeal is filed by a party, any other party may file a notice of appeal within fourteen (14) days after the date on which the first notice of appeal was filed, or within the time otherwise prescribed by this Rule whichever period last expires.
Reading all three (3) sections of Rule 48 together the appeal and prepayment of cost filed in behalf of Ashley Parks, who is a minor to whom a guardian ad litem was appointed and is one of the complaints, was filed within the allotted time and the motion to docket and dismiss is overruled as it pertains to her. The notice of appeal was timely filed in behalf of Ashley and under Rule 48(e) an exception exists in behalf of James Parks, therefore, his joining in her notice of appeal extended his time for prepayment of costs. The appeal was perfected to this Court *220 within the allotted time and the motion to docket and dismiss is overruled.
The appellee cites to Arender v. Smith County Hospital, 431 So.2d 491 (Miss.1981) wherein a wrongful death action was filed on behalf of a surviving husband and two (2) minor children after the six (6) year statute of limitations had run. This Court held “the statute itself states, ‘... there shall be but one (1) suit for the same death.’ The limitation on the number of suits is without exception. Mr. Arender was under no disability during the limitation period, yet he and the children filed their joint action against appellees almost seven (7) years after the cause of action accrued. Where one of the parties to a joint action is of age when the cause of action accrues, the statute of limitation runs against all and when one is barred, all are barred.” Our decision in Arender has no applicability to the motion to dismiss before us now. It involved the initial filing of a wrongful death action within the prescribed statutory period of limitations not the applicability of Rule 48 concerning appeals to this Court. Furthermore, the notice of appeal was timely filed as was the prepayment of costs in accordance with Rules 48(e) and 48(j). In fact, Mr. Parks had an additional fourteen (14) days to join in the appeal after notice was filed in behalf of Ashley Parks. The appellees allege the complaint filed against them was for the wrongful death of Pamela Parks. The appellants contend the suit on its merits involves a civil rights action. Rule 48 does not distinguish between the various classifications of cases, whether the case be a wrongful death suit or civil rights action, appealed to this Court but applies to all cases in which an appeal is permitted by law as of right to the Supreme Court.
The Motion to Docket and Dismiss is Overruled.
PATTERSON, C.J., ROY NOBLE LEE, P.J., and HAWKINS, DAN M. LEE, PRATHER, ROBERTSON, SULLIVAN and ANDERSON, JJ., concur.