ROBERTSON, Justice,
for the Court:
I.
This matter raises questions regarding the time limitations within which a minor must perfect an appeal to this Court and the extent to which we may reconsider an order dismissing an appeal which has become final.
II.
The record before us reveals a tortured procedural history. We begin in the Circuit Court of Jackson County, Mississippi. *591 On June 28, 1985, Tiffany Michelle Cunningham, an infant, by and through her next friend, Patricia Cunningham, her mother, filed her complaint in a cause of medical malpractice. Patricia Cunningham and Charles Cunningham, Tiffany’s parents, joined as plaintiffs. Named as defendants were Dr. Ernest Mitchell and others to be joined later. The gravamen of the complaint was that on June 29, 1983, Dr. Mitchell and others negligently delivered the child, Tiffany, causing her personal injury.
Various pre-trial wranglings ensued, primarily related to Dr. Mitchell’s efforts to obtain discovery of and from plaintiffs. On October 15, 1985, the Circuit Court entered an order compelling discovery. Thereafter, on November 7, 1985, the Circuit Court found that plaintiffs had failed to comply with the October 15 order and finally dismissed the complaint. See Rule 37(b)(2)(C), Miss.R.Civ.P.
Some 29 days later, on December 6,1985, the plaintiffs Cunningham filed a motion for relief of judgment, citing Rules 59[1] and 60, Miss.R.Civ.P. in which they asked that the Court vacate the November 7 order of dismissal. As grounds for the motion, plaintiffs argued excusable neglect. On the same day, December 6, 1985, the plaintiffs Cunningham filed with the Circuit Court a notice of appeal to this Court. The notice designated the order compelling discovery of October 15, 1985, and the order of dismissal of November 7, 1985, as the orders appealed from.
On January 3, 1986, the Circuit Court entered its order overruling and denying plaintiffs’ motion for relief of judgment. No new notice of appeal was filed following the January 3, 1986, order.
On July 9, 1986, Dr. Ernest Mitchell, as appellee, filed a motion to docket and dismiss appeal. On August 8,1986, the Plaintiffs Cunningham filed their response to the motion and their brief in opposition. The record reflects that the notice of appeal was filed on December 6, 1985, some 29 days after the November 7 order of dismissal. Our rules in effect at the time provided that a notice of appeal would be filed within 30 days of entry of the order appealed from.[2] Notwithstanding, this Court entered its order granting Mitchell’s motion to docket and dismiss on August 20, 1986. No petition for rehearing was filed on the order dismissing the appeal.
On September 9,1986, the Plaintiffs Cunningham filed a new notice of appeal, again designating as the orders appealed from the October 15, 1985 order compelling discovery and the November 7, 1985 order dismissing their complaint. On the same day, Tiffany Michelle Cunningham filed her motion to reinstate appeal. The Court denied this motion without opinion on October 15, 1986. No petition for rehearing was filed.
On November 18, 1987, the infant, Tiffany Michelle Cunningham, filed in the Circuit Court of Jackson County yet another notice of appeal. In this notice she designated as the orders appealed from the October 15,1985 motion compelling discovery, the November 7, 1985 order of dismissal and the January 3, 1986 order overruling the motion for relief of judgment. Then on December 4, 1987, Tiffany Michelle Cunningham filed her motion to suspend rules and for reinstatement of cause to which Appellee Mitchell has responded in opposition.
III.
A.
The question is whether any part of the case is before this Court for appeal. For it to be so, one of the three notices of appeal —that of December 6, 1985, of September 9, 1986, or of November 18, 1987 — must have fertilized the egg and ripened into a perfected appeal.
Principles analogous to res judicata carry us part of the way. Where a motion *592 to docket and dismiss has been granted and by lapse of time our order of dismissal has become final, we inquire not into the merits either of the granting of the motion or of the proffered appeal. The order of dismissal stands even though, upon reflection, it be seen completely erroneous. Cf. Aetna Casualty & Surety Co. v. Espinosa, 469 So.2d 64, 67 (Miss.1985); see also Federated Department Stores, Inc. v. Moitie, 452 U.S. 394, 398-99, 101 S.Ct. 2424, 2428, 69 L.Ed.2d 103 (1981).
The December 6, 1985, notice of appeal is disposed of by this Court’s order of August 20, 1986, granting the motion to docket and dismiss appeal. The September 9, 1986, notice of appeal is dispatched by this Court’s order of October 15, 1986, denying Appellant Cunningham’s motion to reinstate appeal.
B.
This leaves only the notice of appeal filed November 18, 1987. In this respect our rules provide a two-year time period for perfection of an appeal where the appellant is a minor plaintiff. In relevant part, the rule provides:
In cases where the appellant infant ... was a plaintiff or complainant, ..., appeals to this Court shall be taken in the manner prescribed in this rule within two years of the entry of the judgment or order which would cause to commence the running of the 30 day time period for all other applicants as provided in this rule.[3]
Tiffany Michelle Cunningham's notice of appeal[4] filed November 18, 1987, is ineffective to appeal the Circuit Court’s order of October 15, 1985, on two scores. First, the notice is given two years, 34 days after entry of the order and is thus barred under Rule 48(j). Moreover, the October 15, 1985, order is not an appealable final judgment. The November 7, 1985, order is a final judgment subject to appeal, but the notice was filed two years and twelve days after entry of that order — twelve days too late under Rule 48(j).
The January 3, 1986, order is a different matter. That order, it will be recalled, was entered by the Circuit Court denying Plaintiffs’ December 6, 1985, motion for relief of judgment. As the November 18, 1987, notice of appeal[5] was filed within two years of January 3, 1986, it is effective to place on the appellate docket of this Court and perfect an appeal of and from the Circuit Court’s order of that date.[6]
To be sure, Tiffany was an appellant named in the December 6, 1985, and September 9, 1986, notices of appeal. Dismissal of the appeals sought to be perfected thereby is final, as explained above. The Court’s orders of dismissal had no power to shorten the two year time for perfection afforded Tiffany under our rules. It certainly appears that, at least insofar as Tiffany’s appeal is concerned, this Court’s orders of August 20, 1986, and October 15, 1986, were quite erroneous, although such *593 error has no power to affect finality at this late date. The point for the moment is, notwithstanding all that had gone before, on November 18, 1987, Tiffany retained legal power to perfect an appeal of and from any otherwise appealable judgment or order.
Insofar as we are aware, the record on this appeal is complete and is before us. The brief of Appellant Tiffany Michelle Cunningham shall be filed and served within forty (40) days of the date of this opinion. Further briefing shall conform to Rule 31, Miss.Sup.CtRules, and our other rules pertaining to briefs.
APPEAL OF TIFFANY MICHELLE CUNNINGHAM DOCKETED; OTHERWISE, MOTION TO SUSPEND RULES AND FOR REINSTATEMENT OF CAUSE DENIED.
ROY NOBLE LEE, C.J., HAWKINS, P.J., and PRATHER, SULLIVAN, ANDERSON and ZUCCARO, JJ., concur.
DAN M. LEE, P.J., concurs in result only.
GRIFFIN, J., not participating.

. Motions for a new trial or to alter or amend a judgment must be served not later than ten days after entry of the judgment. See Rule 59(b) and (e), Miss.R.Civ.P.

. See Rule 48 of former Mississippi Supreme Court Rules.

. Prior to January 1, 1988, this rule was codified as Rule 48(j), Miss.Sup.Ct.Rules, see Moran v. Necaise, 437 So.2d 1222, 1227 (Miss.1983). This provision has been carried forward verbatim into the new rules of this Court effective January 1, 1988, where it is now codified as Rule 4(f), Miss.Sup.Ct.Rules.

. This notice of appeal is filed on behalf of Tiffany Michelle Cunningham, a minor, as sole plaintiff/appellant. Patricia Cunningham, individually, and Charles Cunningham, individually, are not named in this notice of appeal. We assume that the reason for this is that any appeal of Patricia Cunningham and Charles Cunningham is subject to the thirty-day perfection rule and that their appeal has been finally disposed of by the prior actions of this Court. Only the infant, Tiffany Michelle Cunningham, enjoys the benefit of the two-year rule recited above. Contrast Parks v. Knight, 491 So.2d 217 (Miss.1986).

. The record has been prepared and is before us. We regard of no moment that the notice of appeal was not accompanied by the certificate of compliance under former Rule 48(h)(1). The function of that notice was to get the record preparation process under way, a point here moot. Besides, the rule has now been modified so that the certificate is not jurisdictional.

. Nothing said here should be taken as considering or deciding whether plaintiff’s motion for relief of judgment filed December 6, 1985, is a motion under Rule 59, Miss.R.Civ.P. or under Rule 60, Miss.R.Civ.P.