549 So.2d 955 (1989)
Tiffany Michelle CUNNINGHAM
v.
Ernest MITCHELL, M.D., et al.
No. 07-57426.
Supreme Court of Mississippi.
September 27, 1989.
*956 Jim Davis Hull, Moss Point, for appellant.
James H. Heidelberg, Bryant Stennis Colingo Firm, Pascagoula, for appellee.
Before HAWKINS, P.J., and SULLIVAN and PITTMAN, JJ.
SULLIVAN, Justice, for the Court.
On June 28, 1985, Tiffany Michelle Cunningham, a minor, by and through her next friend, Patricia Cunningham (her mother), filed a suit in the Circuit Court of Jackson County against Dr. Ernest Mitchell. The suit alleged that Tiffany had sustained injuries and damages as a result of the doctor's negligence in preparing for and in the delivery of Tiffany. Tiffany sought $1,250,000.00 in damages. On July 24, 1985, Mitchell filed a Motion to Dismiss claiming that the complaint violated the rules of pleadings. Tiffany subsequently amended her complaint changing only the ad damnum from $1,250,000.00 to read "in excess of the jurisdictional limit" as was required by § 11-1-59, Miss. Code Ann. (1972), as Amended. Mitchell then answered the complaint and amended complaint and cited several affirmative defenses. With his answer Mitchell filed Requests for Production of Documents and Interrogatories. Answers to these Requests were due on or before September 18, 1985, according to Rules 33 and 34, Miss.R.Civ.P.
Hurricane Elena hit the Mississippi Gulf Coast on September 4, 1985, and caused extensive damage to power and phone lines. Due to the storm Tiffany's counsel requested more time from Mitchell's counsel, and an extension was granted until September 30, 1985. Then on October 7, 1985, no answers to the interrogatories had been filed and the response to the request for production in effect said nothing, Mitchell filed a Motion to Compel Discovery and noticed the motion for hearing on October 15, 1985. Tiffany's counsel received notice of the motion on October 10, 1985, and since he was scheduled to be in Alabama on October 15, he filed a Motion for Continuance by mail. Tiffany's lawyer also called Mitchell's attorney and left word with his secretary of the conflict. Tiffany's counsel made no attempt to notify the trial court. Although Mitchell's counsel informed the trial court of Tiffany's attorney's schedule conflict, the court proceeded with the hearing and found that Tiffany's counsel had failed to respond to discovery and ordered him to fully respond within twenty (20) days or face dismissal with prejudice. The *957 trial court also assessed Tiffany's attorney $200.00 in sanctions for failing to comply. The next day Tiffany's Motion for Continuance was received by the clerk and filed with the trial court.
Following the entry of this Order Tiffany's attorney filed a Motion which asked the trial court to vacate the order on the grounds that; (1) counsel was in trial on October 15, 1985; (2) that Mitchell's motion was not properly and adequately noticed; (3) that a Motion for a Continuance had been filed prior to the hearing on October 15, 1985; and (4) that Mitchell's counsel was fully aware of Cunningham's counsel's predicament when the Motion to Compel was brought for a hearing.
This motion was heard on November 6, 1985, at which time Tiffany's counsel assured the court that he had filed answers to the interrogatories pursuant to the October order but he could not explain why neither the court nor opposing counsel had not received the answers. Tiffany's counsel further stated that the answers were mailed with the answers to the requests for production of documents.
The trial judge found that Tiffany's counsel's excuse for missing the October 15, 1985, hearing was insufficient to stay the hearing. The trial court further found that the filing of a Motion for Continuance was insufficient to justify a stay on the hearing on the Motion to Compel. Since Tiffany's counsel stated that he had a signed copy of the answers to the interrogatories, that had allegedly already been filed in Mobile, the trial court ordered counsel to go get them and bring them to the court. The trial court reserved the ruling on the Motion for Relief from the Order until it had seen the answers to the interrogatories. The next day Tiffany's counsel filed the answers to the interrogatories. These answers were not signed under oath and they were dated November 7, 1985, although counsel had represented to the trial court that they were signed and mailed along with the answer to Request for Production of Documents, which was dated September 30, 1985, and filed on October 7, 1985.
Thereupon the trial court found the answers to the interrogatories to be insufficient and in violation of the Mississippi Rules of Civil Procedure and that Tiffany's counsel had failed to comply with the court's orders and failed to show any ability to comply with discovery. Therefore, the trial judge dismissed the cause with prejudice.
On December 6, 1985, Tiffany's attorney filed a Motion for Relief of Judgment which was overruled by the trial court on January 3, 1986. Tiffany's attorney then filed several notices of appeal including a notice filed on November 18, 1987.
We are first asked to determine if the brief filed on behalf of Tiffany Cunningham is moot. Dr. Mitchell claims that our prior opinion in Cunningham v. Mitchell, 535 So.2d 589 (Miss. 1988), (hereinafter referred to as Cunningham I) arose from the same set of facts as this case (hereinafter referred to as Cunningham II). To answer this question the holding in Cunningham I must be examined.
In Cunningham I Tiffany was appealing the rulings made by the trial court dismissing her complaint with prejudice. This was not an appeal on the merits but rather one as to which of the three notices of appeal filed with this Court were valid. Two of the notices of appeal, the one filed on December 6, 1985, and the one filed on September 9, 1986, were disposed of by this Court's orders of August 20, 1986, and October 15, 1986. The third notice of appeal, filed November 18, 1987, was the only notice discussed in Cunningham I.
As a result of our ruling in Cunningham I the only issue that presently may be appealed is whether the trial court abused its discretion in denying Tiffany Cunningham's Motion For Relief of Judgment made on December 6, 1985.
The next step in determining this issue is whether or not the motion of December 6, 1985, was filed under Rule 59, Miss.R. Civ.P., New Trials, or Rule 60(b), Miss.R. Civ.P., Relief From Judgment or Order. Cunningham I declined to decide this issue. 535 So.2d at 592, n. 6. If this was a motion filed under Rule 59 for a new trial, *958 then we have no jurisdiction as the motion was filed more than ten days after the entry of judgment. Telford v. Aloway, 530 So.2d 179, 181 (Miss 1988).
If the motion was filed under Rule 60(b)(6), it was timely because the time limit under that rule is not ten days but a "reasonable time". The twenty-nine days between the order of November 7th and the motion of December 6th can be seen as a "reasonable time."
It appears to this Court that the motion filed in this cause regardless of how it might have been styled was a Rule 60(b)(6) motion for it is difficult to feature how one may have a Rule 59 Motion for a New Trial when there has never been a trial. We are thus left by Cunningham I with only one question to answer and that is whether or not the trial judge abused his discretion in issuing his January 3, 1986, order denying Tiffany Cunningham her December 6, 1985, Motion for Relief of Judgment.
Tiffany Cunningham argues that the trial court abused its discretion in applying sanctions and dismissing her complaint with prejudice. These sanctions were applied by the trial court's October 15, 1985, order and the dismissal issued in the November 7, 1985, order. The January 3, 1986, order was a denial of Tiffany Cunningham's motion filed on December 6, 1985, asking the trial court for relief from the November order. While the issue of the trial court's discretion with the October and November orders would have to be examined to see if it abused its discretion with the January order, this Court may not review those earlier orders on their own merits. See Cunningham, 535 So.2d 589. Though counsel for Tiffany Cunningham requests this Court to review the earlier orders on their merits, we are limited to the issue of abuse of discretion in the action of the trial court on January 3, 1986. However, to make this determination it is necessary for the court to examine the October and December Orders to see if they were proper.

I.

WAS THE TRIAL COURT WITHOUT AUTHORITY TO APPLY SANCTIONS IN THIS INSTANCE AND THEREFORE MAKE ITS ACTIONS ERRONEOUS?
Sanctions are covered by Rule 37, Miss.R.Civ.P. Cunningham argues that sanctions for discovery violations are specifically covered by Rule 37(b)(2), and therefore the $200.00 fine against her attorney was not authorized by Rule 37(b)(2), which in and of itself constitutes an abuse of authority by the trial court. Rule 37(b)(2) is not totally controlling. Rule 37(e) states that the court may impose such sanctions as may be just, including the payment of reasonable expenses and attorneys' fees. The trial court has need of and the use of additional flexibility to deal with abuses. We have stated that the trial court has considerable discretion in the imposition of sanctions. White v. White, 509 So.2d 205, 209 (1987); Kilpatrick v. Mississippi Baptist Medical Center, 461 So.2d 765, 767 (Miss. 1984).
In taking the action of the $200.00 fine against Cunningham's counsel and not Cunningham for counsel's failure to notify the court of his planned absence, the trial court did not abuse its discretion nor act outside its authority.
Cunningham also argues that the hearing at which this $200.00 fine was imposed was not a valid hearing because proper notice was not given for that October 15, 1985, hearing and therefore the sanctions themselves were improper. Once again Cunningham relies on Rule 37(b)(2) as the total authority for granting sanctions and that rule does give the trial court authority to apply sanctions only where there has been an order requiring discovery. We point out once again, however that Rule 37(e) may also be used to apply sanctions and supports the granting of the $200.00 sanction since the issue with regard to the sanction does not involve the notice requirements but how Cunningham's counsel failed to notify the trial court of his absence.
*959 Because the trial court also ordered Cunningham's attorney to respond to discovery within twenty days the notice requirements will also be examined. The general guidelines for the computation of time are controlled by Rule 6, Miss.R.Civ.P. Mitchell and Cunningham each calculate this notice period differently. Mitchell filed his Motion to Compel on October 7, 1985, and the hearing was held on October 15, 1985, a period of nine days. Under Rule 6(d) notice of a motion shall be served no later than five days before the time fixed for the hearing. Rule 6(a) states that the computation of time, when the period is less than a week, shall not include the day of filing, and intermediate Saturdays and Sundays, thus the period of notice is six days. When a party receives a notice by mail three days must be added to the prescribed period under Rule 6(e). When we add the three days to the five day limit it is calculated that Mitchell must have filed his motion at least eight days before the hearing. This was not done because since subparagraph (a) applies to discount the weekend, notice was only given six days before the hearing. Therefore the hearing on the Motion to Compel was not properly noticed.
In our view the only order the improper hearing could effect is the order to respond to discovery within twenty days. Following the order Cunningham's attorney filed a Motion For Relief of the Order which was denied. In this motion Cunningham's attorney stated that all discovery had been complied with. It was this motion that caused the hearing to be held on November 6, 1985. In his motion and at that hearing Cunningham's attorney claimed that all discovery had been complied with, therefore, it is difficult to see how the order issued from the improperly noticed October 15, 1985, hearing, requesting discovery be completed within twenty days, prejudiced Cunningham or her attorney.
At best this is harmless error and this Court will not reverse on those grounds for error that is harmless. The lack of proper notice was harmless because Cunningham's attorney claimed to have complied with discovery thereby negating the twenty day order and the $200 sanction was not for missing the hearing but for Cunningham's attorney not notifying the court of his intended absence. The sanction and the order that issued from the hearing were not relevant to the notice requirement and therefore no prejudice results.

II.

WAS THE TRIAL COURT'S ACTION IN DISMISSING CUNNINGHAM'S CASE AN ABUSE OF DISCRETION?
The crucial question before this Court on this appeal is whether or not the trial judge abused his discretion in dismissing Tiffany Cunningham's case with prejudice. The Kilpatrick case cited above applies. In Kilpatrick we upheld a lower court's order dismissing a medical malpractice action with prejudice because the plaintiff failed to answer interrogatories. In Kilpatrick we stated that medical testimony that the doctor failed to use ordinary skill and care must be shown before an action in negligence is established. 461 So.2d at 768. The record in Cunningham II shows that Cunningham's counsel:
(1) Initially failed to answer the interrogatories even after opposing counsel had granted her more time due to the hurricane.
(2) Did not notify the court that she would not be present at the motion to compel.
(3) Still did not answer the interrogatories after being granted an additional twenty days by the trial court, even if the hearing was void.
(4) Replied falsely to the trial court when she stated that she did not know that discovery had not been complied with when she admitted receiving a notice from the trial court stating that discovery was incomplete.
(5) Told a falsehood to the trial court during the November 6, 1985 hearing; stating that there was a signed under oath copy of the answers to the interrogatories that were mailed back in September but what she later filed with the court was *960 poorly answered interrogatories that were not signed under oath and were dated November 7, 1985.
(6) The poorly filed interrogatories did not establish possible negligence on Mitchell's part with expert testimony. These facts would tend to support dismissal with prejudice.
Cunningham's counsel argues the White case in which this Court stated that dismissal was too harsh a punishment for the circumstances of that case. 509 So.2d at 209. White further states that when neglect is attributable to the attorney rather than to the party, dismissal may be inappropriate. 509 So.2d at 208. What we are actually faced with here is a delicate case of balancing. The operative word in the White case is may and White does not stand for the proposition that dismissal is not ever to be allowed.
Furthermore, this is a medical malpractice action and the necessity of knowing what the theory of negligence is and who the plaintiff plans to call as an expert is vital. While it is unfair to deny Tiffany Cunningham her day in court because of the actions of her attorney, we must also consider the question in fairness to the defendant by making him continue to pay for plaintiff's counsel's mistakes through his own attorney's fees and his anxiety.
AFFIRMED.
ROY NOBLE LEE, C.J., HAWKINS, P.J., and PRATHER, ROBERTSON, ANDERSON, PITTMAN and BLASS, JJ., concur.
DAN M. LEE, P.J., dissents without written opinion.