660 So.2d 215 (1994)
Danny Franklin HERRINGTON
v.
Barbara HERRINGTON.
No. 93-CA-0743.
Supreme Court of Mississippi.
December 18, 1994.
Opinion Denying Rehearing August 3, 1995.
*216 Walter T. Rogers, Martin & Rogers, Meridian, for appellant.
Sarah P. Springer, Meridian, for appellee.
Before DAN M. LEE, P.J. and BANKS and JAMES L. ROBERTS, Jr., JJ.
En Banc.

ON PETITION FOR REHEARING

[Filed August 3, 1995]
JAMES L. ROBERTS, Jr., Justice, for the Court:
This case is before the Court on Petition For Rehearing after being previously affirmed by per curiam decision and it is now affirmed on all matters.

FACTS
Danny and Barbara Herrington were divorced by the Chancery Court of Lauderdale County, Mississippi on March 31, 1988. The parties entered into a property settlement agreement which was incorporated into the judgment of divorce wherein Mr. Herrington agreed to pay $500.00 a month child support and one half of all medical, dental, doctor, hospital, orthodontic and optical expenses incurred by their two minor children which were either in excess of or not covered by Mrs. Herrington's current employer's plan at that time. According to their agreement, Mrs. Herrington was to maintain hospital and medical insurance on the children through her current employer's group plan so long as no premium was charged to her.
On January 7, 1993, Barbara Herrington filed a contempt complaint in the Chancery Court of Lauderdale County, Mississippi, to enforce the terms of the 1988 divorce decree. Mrs. Herrington alleged that Mr. Herrington was in arrears in child support, medical and *217 insurance payments. Mr. Herrington was served with process on January 14th. Mr. Herrington was subsequently committed to the East Mississippi State Hospital. A default judgment was entered against Mr. Herrington while committed. Upon being released, he filed a Motion to Stay the Judgment and for Relief. The stay was granted and Mr. Herrington was allowed to defend the judgment by introducing evidence on May 10th and 11th.
Mr. Herrington introduced evidence to show that he was not in such arrears and that he had undergone a material change in circumstances to support his request to reduce his child support payments. Mrs. Herrington was granted a M.R.C.P. 41(b) motion dismissing Mr. Herrington's request for modification. Mr. Herrington had a judgment entered against him for child support, medical and insurance expenses, attorney's fees and was found to be in contempt.
Mr. Herrington filed a timely notice of appeal and raised the following issues:
I. SUSTAINING OF MRS. HERRINGTON'S M.R.C.P. RULE 41(B) MOTION AND DISMISSING MR. HERRINGTON'S REQUEST TO LOWER CHILD SUPPORT CONSTITUTED AN ABUSE OF DISCRETION AND WAS THEREFORE MANIFESTLY WRONG.
II. THE COURT ERRED IN FINDING MR. HERRINGTON'S ACTIONS WERE WILFUL OR DELIBERATE AND HOLDING HIM IN CONTEMPT FOR NON-PAYMENT OF CHILD SUPPORT, MEDICAL EXPENSES, INSURANCE PREMIUMS AND AWARDING ATTORNEYS FEES TO MRS. HERRINGTON.
III. THE COURT ERRED IN AWARDING MRS. HERRINGTON JUDGMENT FOR MEDICAL EXPENSES, INSURANCE PREMIUMS AND ATTORNEY FEES.
Mrs. Herrington cross-appealed and raised the following additional issue for review:
IV. THE COURT ERRED IN DENYING BARBARA HERRINGTON AN OPPORTUNITY TO PRESENT PROOF AS TO THE CHILD SUPPORT DUE AND OWING FOR THE YEAR 1992.

DISCUSSION OF ISSUES
Mr. Herrington alleged that the chancellor erred in sustaining Mrs. Herrington's M.R.C.P. 41(b) motion and dismissing his request to reduce child support payments. In support of his contention that he had undergone a substantial material change in circumstances, Mr. Herrington introduced as evidence an Income and Expense Statement. This evidence, Exhibit # 1, showed that his monthly income, as of the date of divorce, was $1333.00, that his monthly income as of the trial was $870.00, and finally alleged that his present monthly expenses exceeded his monthly income by $82.78.
Mr. Herrington also introduced into evidence his individual income tax returns for 1989, 1990, 1991, and 1992. These returns reflected that his annual net income averaged approximately $4,028.00 over the four year period following his divorce. However, what Mr. Herrington's returns did not reflect was his unreported cash income of an unknown amount.
Chancellor Warner indicated that Mr. Herrington's admitted failure to report cash payments prevented him from showing he lacked the requisite inability to pay the awarded amount of child support from his 1988 divorce decree. We agree that such conclusion by the chancellor justified granting the M.R.C.P. 41(b) motion for dismissal as Mr. Herrington had failed to prove the essential element of a material change in circumstance.
A chancellor is afforded broad discretion in the area of modification of child support and this Court will reverse only when the chancellor was manifestly in error in a finding of fact or if there has been an abuse of discretion or when an erroneous legal standard was applied. McEwen v. McEwen, 631 So.2d 821, 823 (Miss. 1994); Tilley v. Tilley, 610 So.2d 348, 351 (Miss. 1992); Hammett v. Woods, 602 So.2d 825, 828 (Miss. 1992).
"To obtain a modification in child support payments, there must be a `substantial *218 and material change in the circumstances of one of the interested parties arising subsequent to the entry of the decree sought to be modified.'" McEwen 631 So.2d at 823 (quoting Gillespie v. Gillespie, 594 So.2d 620, 623 (Miss. 1992)). The change must be one that could not have been anticipated at the time of the original decree. McEwen, 631 So.2d at 823; Tingle v. Tingle, 573 So.2d 1389, 1391 (Miss. 1990).
Likewise, a judge sitting without a jury applies a different standard from that applied in a jury trial in deciding whether to grant a M.R.C.P. Rule 41(b) motion. Davis v. Clement, 468 So.2d 58, 61 (Miss. 1985).
If, considering the evidence fairly, as distinguished from the light most favorable to the plaintiff, the trial judge would find for the defendant-because plaintiff has failed to prove one or more of the essential elements of his claim, because the quality of the proof offered is insufficient to sustain the burden of proof cast upon the plaintiff, or for whatever reason-the proceeding should be halted at that time and final judgment should be rendered in favor of the defendant.
Id. at 61.
The chancellor's decision to grant the M.R.C.P. 41(b) motion was correct as Mr. Herrington failed to meet his burden of proof. Therefore, we affirm.
Mr. Herrington also alleged that the chancellor erred by finding him in contempt for nonpayment of child support. He put on evidence in several forms attempting to show his inability to pay but also testified that he had unreported cash income. The combination of permitting Mr. Herrington to defend following the default, his admission of unreported cash income of an unknown amount, and his admission of failing to pay past child support payments support the trial court's contempt citation against him.
"The Chancery Court's findings must be allowed to stand unless manifest error is present and apparent." Dunaway v. Busbin, 498 So.2d 1218, 1221 (Miss. 1986). The law is also well settled in Mississippi that inability to currently discharge an obligation in a civil contempt case is a defense to a judgment of contempt. The defendant has the burden of proving inability to pay and that showing must be in particular terms. Newell v. Hinton, 556 So.2d 1037, 1044 (Miss. 1990). Given the conflicting evidence in the record, the chancellor correctly decided that Mr. Herrington had not met his burden of proof with particularity as required. The chancellor gave Mr. Herrington a subsequent opportunity to explain before finally holding him in contempt and accordingly did not commit manifest error in his decision. The decision on contempt is therefore affirmed.
Mr. Herrington appealed the award of attorney fees, medical and insurance costs. Mrs. Herrington suggested that such an award of attorney fees was proper since she was successful in the contempt hearing. "An award of attorney fees in a contempt case is proper." Smith v. Smith, 545 So.2d 725, 728-9 (Miss. 1989) citing Stauffer v. Stauffer, 379 So.2d 922, 924 (Miss. 1980). The Chancellor's finding of contempt justified awarding attorney fees in this case although it is not per se. The record reflected Mr. Herrington's obligation to pay the medical and insurance costs which were supported by evidence in the record. Therefore, we affirm the award for attorney fees, medical and insurance costs.
Mrs. Herrington cross-appealed the Chancellor's sanctions against her for failure to comply with discovery requests. Mrs. Herrington alleged that sanctions pursuant to M.R.C.P. 37(b)(2)(A) were assessed inappropriately under M.R.C.P. 37(a) because an official "order" had not been previously issued in response to Mr. Herrington's Motion To Compel of April 28, 1993. However, the record clearly reflected that Chancellor Warner demanded Mrs. Herrington produce the previously requested unaltered bank statements at the May 10th hearing to have a complete record of all financial dealings between the parties to make a fair and equitable decision but Mrs. Herrington repeatedly refused to produce unaltered financial statements.
Mrs. Herrington's argument alleging that a written court order is mandatory prior to the issuing of a Rule 37 sanction is without *219 merit. "Under the inherent power of courts to protect the integrity of their process, courts may impose sanctions without a court order." Kilpatrick v. Mississippi Baptist Medical Center, 461 So.2d 765, 767 (Miss. 1984); Ladner v. Ladner, 436 So.2d 1366, 1370 (1983), citing Wright & Miller, Federal Practice and Procedure § 2050 (1970). This Court has also explicitly held that the trial court has considerable discretion in the imposition of sanctions. Cunningham v. Mitchell, 549 So.2d 955, 958 (Miss. 1989); citing White v. White, 509 So.2d 205, 209 (Miss. 1987); Kilpatrick, 461 So.2d at 767. Therefore, we affirm the sanctions against Mrs. Herrington.

CONCLUSION
No manifest error occurred by the chancellor in his decision below and we affirm.
AFFIRMED.
PRATHER, P.J., and SULLIVAN, PITTMAN, BANKS and SMITH, JJ., concur.
McRAE, J., dissents with separate written opinion joined by HAWKINS, C.J., and DAN M. LEE, P.J.

[Filed August 3, 1995]
McRAE, Justice, dissenting:
The Majority's affirmance of the dismissal of Danny Herrington's request to reduce child support was a complete denial of his due process rights afforded him under the United States Constitution and the Mississippi Constitution of 1890, and therefore, I dissent to this harsh decision.
Summarily, on January 7, 1993, Barbara Herrington filed a Contempt Complaint in the Lauderdale County Chancery Court. She alleged that Danny was in arrears in child support, medical and insurance payments. Danny was served with process for this action on January 14, 1993. One week later, he experienced a mental breakdown and was involuntarily committed to the East Mississippi State Hospital by the judge in the Lauderdale County Chancery Court. Subsequently, while Danny was still housed at East Mississippi, the chancellor heard Barbara's complaint, granted her requested relief, and held Danny in contempt of court, ordering him to be incarcerated in the Lauderdale County Jail.
Danny was not represented by a guardian or an attorney at this hearing, nor was he present, since he was committed to the state hospital. Danny was released on March 5, 1993; five days later, he retained an attorney, who filed a Motion for Relief From Judgment, and made additional requests. The stay was granted, but the additional requests were not addressed. Apparently, there was some confusion as to whether the second hearing vacated the first judgment, which would have necessitated putting on proof again of alleged past due child support. However, the chancellor instructed the parties that he was going to stand by the first judgment requiring payment of alleged past due child support, and allow Danny to only explain why the default was incorrect. The requirement that Danny pay alleged past due child support derives from the first judgment  a judgment entered against him when he was unrepresented and not allowed to be present, since he had been committed to East Mississippi State Hospital. Once again, Danny was found in contempt of court, and ordered to be incarcerated in the Lauderdale County Jail until he paid the judgment in full.
The pivotal question which the majority declines to answer by affirming the original opinion is how Danny could have been given due process and treated fairly when the first judgment was held valid, and he was unable to attend or be represented. The majority goes off on a tangent when it discusses Danny's failure to reveal his unknown cash income, thus ignoring this issue. Addressing the majority's assertions, Danny submitted his tax returns for the years 1988-1992 as his income, and then the burden should have shifted to Barbara to prove additional unreported monies. Under the majority's ruling, our courts will always be able to second guess and speculate as to the amount a former spouse submits as income. Barbara should have been made to prove the unreported income Danny earned.
When the chancellor granted Barbara's M.R.C.P. 41(b) motion and held that the *220 judgment from that motion was still in effect at the second hearing, he actually required Danny to bear the burden of proof concerning whether back child support had been paid when Barbara was the party who originally filed this complaint and thus, should have had the burden.
The Illinois Supreme Court has addressed this issue in the property tax collection context, citing Covey v. Town of Somers, 351 U.S. 141, 76 S.Ct. 724, 100 L.Ed. 1021 (1956). Covey involved a proceeding by the town to foreclose a tax lien against a parcel of real estate owned by an incompetent. Notice was given to the incompetent taxpayer by mail and publication. No answer was filed and a default judgment was taken. Five days later the taxpayer was "certified" as being of unsound mind and one week later committed to a hospital. 351 U.S. at 144, 76 S.Ct. at 726. Summarizing the United States Supreme Court, the Illinois Court noted that compliance with the statutory notice provisions did not afford notice to the incompetent and that the taking of her property under such circumstances was a violation of due process. In the Matter of the Application for the County Collector, 188 Ill. App.3d 1068, 136 Ill.Dec. 621, 623, 545 N.E.2d 145, 147 (1989). The Illinois Court stated that the most important criterion in the area of procedural due process is "reasonableness." There is nothing reasonable about the chancellor holding a hearing and rendering judgment without Danny's presence especially since a court order was issued committing him to the mental hospital.
When a person is held in contempt, in order for the contempt to be found invalid, it must be shown in particular terms, not generalities, that he is without the present ability to pay. Jones v. Hargrove, 516 So.2d 1354, 1357 (Miss. 1987). Danny certainly did not have the opportunity to contradict the alleged back due child support by putting on proof to the contrary because he was committed to a hospital at the time of the hearing. Indeed, part of the reason why child support was past due was because Danny had been hospitalized and was unable to work. Moreover, although he put on proof that his monthly income decreased and hence, he needed a reduction in monthly payments, this did not remedy the due process error because the chancellor made it clear that the back due child support decision would stand.
The United States Constitution and our state constitution demand no less than full due process. In short, a defendant must be given a "reasonable advance notice of the trial or hearing and a meaningful opportunity to be heard in response." McDaniel v. Ritter, 556 So.2d 303, 307 (Miss. 1989) [citing Tulsa Professional Collection Services, Inc. v. Pope, 485 U.S. 478, 108 S.Ct. 1340, 99 L.Ed.2d 565 (1988); Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865, 873 (1950)]. Danny was not given meaningful opportunity to defend his case. As a matter of fact, the second hearing was absolutely meaningless to Danny when the chancellor stated that the back due child support decision from the first hearing, where he was not present and was without counsel, would stand.
Finally, Barbara did not come into court with clean hands. As the chancellor acknowledged, Barbara refused to present bank statements showing Danny had paid certain child support when he had no record keeping of payments to her. When she did eventually submit documentation, the statements were altered. Accordingly, I dissent.
HAWKINS, C.J., and DAN M. LEE, P.J., join this opinion.