# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 98-CA-00668-SCT

*DAVID F. PALMER, III AND WIFE, BONNIE B. PALMER*

*v.*

*GRAND CASINOS OF MISSISSIPPI, INC., GULFPORT d/b/a GRAND CASINOS, GULFPORT*

| | |
|---|---|
| DATE OF JUDGMENT: | 04/03/1998 |
| TRIAL JUDGE: | HON. JOHN H. WHITFIELD |
| COURT FROM WHICH APPEALED: | HARRISON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | NEAL HOWARD LABOVITZ |
| ATTORNEYS FOR APPELLEES: | WILLIAM M. RAINEY |
| | WILLIAM WYATT SIMMONS |
| | MATTHEW FORTE POWERS |
| NATURE OF THE CASE: | CIVIL - PERSONAL INJURY |
| DISPOSITION: | AFFIRMED - 6/10/1999 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 7/1/99 |

## BEFORE SULLIVAN, P.J., McRAE AND MILLS, JJ.

### MILLS, JUSTICE, FOR THE COURT:

#### STATEMENT OF THE FACTS

¶1. This entire appeal centers around the problems of the Palmers' attorney, Neal Labovitz. According to Rose C. Ellen, M.D., Labovitz experienced chronic bilateral kidney problems which required him to take large doses of Demerol and Darvocet. These drugs caused him to experience short-term memory loss. Labovitz also entered a weight loss program, which compounded his short-term memory loss problems. Medical literature revealed this weight loss program caused short-term memory loss and heart complications. In addition, Labovitz has suffered from chronic back pain which made his routine office schedule difficult. As a result of his medical problems, Labovitz failed to answer discovery, respond to Grand Casino's notice of deposition, or appear at the hearing on Grand Casino's motion to dismiss.

> **I. THE TRIAL JUDGE APPLIED AN ERRONEOUS LEGAL STANDARD AND ABUSED HIS DISCRETION IN DENYING PALMER'S MOTION FOR RELIEF FROM JUDGMENT OF DISMISSAL WITH PREJUDICE PURSUANT TO RULE 60(B) OF THE MISSISSIPPI RULES OF CIVIL PROCEDURE.**

¶2. This Court is without authority to address on its merits the order of dismissal which the Palmers did not appeal. ***Overbey v. Murray***, 569 So.2d 303, 305 (Miss. 1990)*; see **Cunningham v. Mitchell***, 549 So. 2d 955, 958 (Miss. 1989). However, we will address the judge's decision to deny the Motion for Relief From Judgment of Dismissal under Rule 60(b).

¶3. Rule 60(b) motions are generally addressed to the sound discretion of the trial court, and appellate review is limited to whether that discretion has been abused. ***Stringfellow v. Stringfellow***, 451 So. 2d 219, 221 (Miss. 1984). "Rule 60(b) is not an escape hatch for litigants who had procedural opportunities afforded under other rules and who without cause failed to pursue those procedural remedies. Rule 60(b) is designed for the extraordinary, not the common place." ***State ex rel. Miss. Bureau of Narcotics v. One (1) Chevrolet Nova Auto.***, 573 So. 2d 787, 790 (Miss. 1990) (*citing **King v. King*** , 556 So. 2d 716 (Miss. 1990)). "[A] balance must be struck between granting a litigant a hearing on the merits with the need and desire to achieve finality in litigation." ***Stringfellow***, 451 So. 2d at 221 (*citing **House v. Secretary of Health and Human Services***, 688 F.2d 7 (2nd Cir. 1982)).

¶4. Mississippi Rule of Civil Procedure 60(b) provides in pertinent part:

> (b) **Mistakes; Inadvertence; Newly Discovered Evidence; Fraud, etc.** On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons:
>
> (1) fraud, misrepresentation, or other misconduct of the adverse party;
>
> (2) accident or mistake;
>
> (3) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application;
>
> (6) any other reason justifying relief from judgment.
>
> . . . .

M.R.C.P. 60(b).

¶5. In ***Cunningham***, this Court dealt with a similar situation. Cunningham's complaint was dismissed with prejudice, and she was sanctioned. ***Cunningham***, 549 So.2d at 957-58. However, the issue on appeal was the validity of an order denying a Rule 60(b) motion made after the dismissal. ***Id.*** This Court in ***Cunningham*** held that while the earlier orders could not be reviewed on their merits, a review of the earlier orders was proper in order to make a determination on the validity of the Rule 60(b) motion. ***Id.***

¶6. The lower court in the instant case held:

> Plaintiffs seek to vacate the Judgment under Rule 60(b) stating their attorney's illness prevented him

from participating in the discovery process. After considering the testimony of Plaintiff's attorney, Neal Labovitz, the Court finds that Mr. Labovitz was experiencing various medical and personal problems during the discovery phase of this case. Nevertheless, these difficulties do not rise to the level of "exceptional circumstances" to warrant setting aside the Judgment under Rule 60(b).

The Palmers assert the mistakes and omissions of counsel should warrant the grant of a Rule 60(b) motion. The lower court found the mistakes of counsel did not rise to the level of "exceptional circumstances" required to overturn a Rule 60(b) motion. In *Cunningham*, we held, "While it is unfair to deny Tiffany Cunningham her day in court because of the actions of her attorney, we must also consider the question in fairness to the defendant by making him continue to pay for plaintiff's counsel's mistakes through his own attorney's fees and his anxiety." 549 So.2d at 960. The facts in *Cunningham* and the instant case can be contrasted with one of the only cases where a Rule 60(b) motion was granted. In *Johnson v. Weston Lumber & Bldg. Supply Co.*, 566 So.2d 466 (Miss. 1990), the circumstances were exceptional. In that case, after counsel had been allowed to withdraw, the plaintiff was given no notice of the trial date. *Id.* at 467 A default judgment was then entered. *Id.* at 468. The Palmers' situation is not analogous since proper notice was provided by Grand Casinos numerous times. The lower court did not abuse its discretion in denying the Palmers' motion for relief from the order of dismissal.

### II. THE SANCTION IMPOSED BY THE TRIAL COURT (DISMISSAL WITH PREJUDICE) WAS EXCESSIVE UNDER THE FACTS OF THIS CASE AND AN ABUSE OF DISCRETION BECAUSE THE PLAINTIFFS THEMSELVES WERE COMPLETELY UNAWARE THAT ANY SUCH PROBLEMS EXISTED AND WERE COMPLETELY INNOCENT OF ANY WRONGDOING.

¶7. As stated earlier, this Court is without authority to address on its merits the order of dismissal or the sanctions ordered since the Palmers did not appeal on this basis.

### CONCLUSION

¶8. The Harrison County Circuit Court did not abuse its discretion in denying the Palmers' motion for relief from the order of dismissal. Labovitz's omissions and mistakes which led to the imposition of sanctions did not rise to the level of exceptional circumstances. Therefore, the judgment of the lower court is affirmed.

¶9. **AFFIRMED.**

**PRATHER, C.J., SULLIVAN AND PITTMAN, P.JJ., BANKS, McRAE, SMITH, WALLER AND COBB, JJ., CONCUR.**