## IN THE SUPREME COURT OF MISSISSIPPI
## NO. 1999-CA-00714-SCT

*CITY OF JACKSON*

*v.*

*JACKSON OAKS LIMITED PARTNERSHIP*

| | |
|---|---|
| DATE OF JUDGMENT: | 12/18/1998 |
| TRIAL JUDGE: | HON. WILLIAM HALE SINGLETARY |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CHANCERY COURT |
| ATTORNEYS FOR APPELLANT: | TERRY WALLACE |
| | MICHAEL JEFFREY WOLF |
| ATTORNEYS FOR APPELLEE: | DALE DANKS, JR. |
| | PIETER JOHN TEEUWISSEN |
| NATURE OF THE CASE: | CIVIL - PROPERTY DAMAGE |
| DISPOSITION: | REVERSED AND REMANDED - 8/23/2001 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 9/13/2001 |

**EN BANC.**

**PITTMAN, CHIEF JUSTICE, FOR THE COURT:**

¶1. This appeal arises from an action filed in the Chancery Court of the First Judicial District of Hinds County, Mississippi, by the Jackson Oaks Limited Partnership ("Jackson Oaks") against the City of Jackson alleging ongoing erosion and flood control problems along Hanging Moss Creek near Ridgewood Road. Jackson Oaks also sued John Hancock Mutual Life Insurance Co., but that claim was settled, and all claims against John Hancock were dismissed prior to trial. Trial was held on April 13-15 and May 26, 1998, and an opinion and a judgment were entered in favor of Jackson Oaks on December 18, 1998. The award was $1.1 million. The City did not appeal that judgment, but on December 30 filed a Motion for Clarification and Relief from Judgment. In that motion, the City urged that (1) the judgment failed to take into account the amount received by Jackson Oaks in the John Hancock settlement and (2) the opinion and judgment fail to discuss the issues raised by the City in its Motion to Dismiss or, in the Alternative, Motion for Summary Judgment, including issues of statute of limitations and sovereign immunity. In denying the Motion for Clarification and Relief from Judgment, the chancellor did not reach the merits of the motion, but denied it having concluded that it was untimely filed. The case is now before us on the City's appeal from the order denying the Motion for Clarification and Relief from Judgment. Simultaneously with the denial of the City's motion, the chancellor granted Jackson Oaks' Motion to Enforce and Execute Judgment, but no appeal has been taken from the order granting that relief.

## STATEMENT OF THE ISSUES

**1. Whether the Chancery Court erred in denying the Appellants' March 15, 1999, post-trial motion.**

**2. Whether equity dictates that the judgment should have been clarified when the award itself did not address the concerns of the chancery court and results in a windfall to the appellant.**

**3. Whether the City of Jackson was entitled to competent counsel.**

## DISCUSSION

¶2. The City of Jackson contends that the chancellor abused his discretion when he denied the City's Motion for Clarification and Relief from Judgment by basing his decision on lack of timeliness alone. If the motion was indeed a M.R.C.P. 60(b)(6) motion, then the City of Jackson is correct. Rule 60(b)(6) motions must be made within a reasonable time. The motion in the instant case was filed twelve days after the final judgment was entered, certainly a reasonable time. At the motion hearing, Jackson Oaks argued that the relief requested indicated that the motion was a Rule 59 or Rule 52 motion, each of which must be filed no later than ten days after entry of final judgment. The chancellor, in announcing his decision from the bench found that the motion was not timely filed and did not address its merits. Although he did not indicate explicitly whether he considered the motion to be brought pursuant to Rule 59(e) or Rule 60(b), the inference to be drawn from the denial based on timeliness is that the chancellor treated the motion as one brought pursuant to Rule 59(e).

¶3. M.R.C.P. 60(b) and M.R.A.P. 4(d) are nearly identical to their federal counterparts. In *Bruce v. Bruce*, 587 So.2d 898, 904 (Miss. 1991), this Court followed the path laid out by the Fifth Circuit, adopting the view that if a motion is served within ten days of the rendition of judgment, the motion falls under Rule 59(e) with the result that the time for filing a notice of appeal is tolled until the ruling on the post-trial motions.[1] *Bruce,* 587 So.2d at 904; M.R.A.P. 4(d). The federal courts have generally held that the converse is also true, i.e., if the motion of this kind is filed later than ten days after entry of judgment, it is to be considered a Rule 60 motion. *See, e.g., Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 268 (6th Cir. 1998); *Carpenter v. Williams*, 86 F.3d 1015, 1016 (10th Cir. 1996); *Hatfield v. Board of County Comm'rs for Converse County*, 52 F.3d 858, 861 (10th Cir. 1995); *Ross v. Global Marine, Inc.*, 859 F.2d 336, 338-39 (5th Cir. 1988). Using this bright line test we hold that the City's motion should have been considered as a Rule 60(b) motion for relief from judgment which was filed within a reasonable time. In this respect, the chancellor erred and should have considered the merits of the motion rather than denying it as untimely. Because the chancellor failed to reach the merits of the motion, the matter must be remanded, and it is unnecessary and inappropriate for us to consider those merits on the record now before us.

¶4. The second and third issues which the City now raises were not presented to the chancellor in the Motion for Clarification and Relief from Judgment. They are, therefore, not properly before this Court on appeal and will not be addressed.

## CONCLUSION

¶5. The judgment rendered by the chancellor was final in all respects, it having determined the City's liability and the amount of damages incurred by Jackson Oaks. In *Fortune v. Lee County Bd. of Supervisors*, 725 So.2d 747, 750 (Miss. 1998), this Court characterized a final judgment as follows:

A final judgment puts an end to the action, and disposes of the entire controversy, so that there is no

further question for future determination by the court, except perhaps collateral or separate questions, and there is nothing left to be done but to enforce by execution what has been determined. A final decision generally is one which ends the litigation on the merits, and leaves nothing for the court to do but execute the judgment . . . .

(quoting 46 Am. Jur. 2d *Judgments* § 202 (1994)). While a judgment may be subject to correction or amendment, that fact does not affect its finality. Here, with no appeal pending from the judgment, the City's motion must be considered on remand under the standards applicable to Rule 60(b) motions. While nothing said today should be considered a comment on the merits of the motion or on how the substantive issues should be resolved by the chancellor, this Court has said that:

Rule 60(b) is not an escape hatch for litigants who had procedural opportunities afforded under other rules and who without cause failed to pursue those procedural remedies. Rule 60(b) is designed for the extraordinary, not the common place.

*Palmer v. Grand Casinos of Miss., Inc*, 744 So.2d 745, 746 (Miss. 1999) (quoting *State ex rel. Miss. Bureau of Narcotics v. One (1) Chevrolet Nova Auto.*, 573 So.2d 787, 790 (Miss. 1990)). "Further, Rule 60(b) motions should be denied where they are merely an attempt to relitigate the case." *Stringfellow v. Stringfellow*, 451 So.2d 219, 221 (Miss. 1984).

¶6. For these reasons, we reverse the order of the Hinds County Chancery Court denying the City of Jackson's Motion for Clarification and Relief from Judgment as untimely, and we remand this case to that court with directions that it consider and rule on the merits of that motion.

¶7. **REVERSED AND REMANDED.**

**BANKS, P.J., SMITH, MILLS, COBB AND DIAZ, JJ., CONCUR. McRAE, P.J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY EASLEY, J. WALLER, J., NOT PARTICIPATING.**

**McRAE, PRESIDING JUSTICE, DISSENTING:**

¶8. The very nature of this motion places it squarely within the ambit of Mississippi Rule of Civil Procedure 59(e). Though the city has styled its motion as a "Motion for Clarification and Relief from Judgment," it is clear from the nature of the relief sought that the city is arguing that the chancery court erred in the substance of its judgment. The majority wrongly characterizes this motion as a 60(b) motion rather than a 59(e) motion. Because this motion was not brought within ten days after entry of the judgment, the chancellor was correct in denying it as untimely. Accordingly, I dissent.

¶9. Motions to alter judgments fall within Rule 59(e), regardless of the style of the motion. It is the relief requested in the motion, not the style of the motion (or lack thereof, as in this case) that determines under what Rule the motion should be analyzed. *Bruce v. Bruce*, 587 So.2d 898, 903 (Miss. 1991) (citing *Finch v. City of Vernon*, 845 F.2d 256, 258 (11th Cir. 1988)). "Rule 59(e) motions go to the heart of the matter to those issues predicate to a decision on the merits." *Id.*

¶10. The Fifth Circuit has followed a similar analysis: "Professor Moore states that, '[a]ny motion that draws into question the correctness of a judgment is functionally a motion under Civil Rule 59(e), whatever its label.'" *Harcon Barge Co., v. D&G Boat Rentals, Inc.*, 784 F.2d 665, (5th Cir. 1986) (quoting

Moore's Federal Practice, ¶ 204.12[1] at 4-67 (1985)). "Virtually every circuit court has held that a motion that 'calls into question the correctness of a judgment should be treated as a motion under Rule 59(e), however it is styled.'" ***Id.***

¶11. In its motion, the City of Jackson asked the chancery court to do two things:

> 1) reduce the amount of the judgment awarded to Jackson Oaks by the amount paid to it **before** trial as a result of a settlement reached with the city's co-defendant, John Hancock Mutual Life Insurance; and

> 2) that a ruling on the city's Motion to Dismiss, or in the Alternative, for Summary Judgment be incorporated in to the opinion. Specifically, the city asked the court to re-write its opinion to address its arguments regarding the statute of limitations and sovereign immunity.

¶12. The city was careful to style its motion using the words "clarification" and "relief from judgment," rather than the words "alter or amend" found within Rule 59(e), and craftily failed to identify under which rule of civil procedure it was brought. However, it is clear from the substance of this motion that the city is asking the court to either reduce the amount of the award, or reverse the order based on the grounds of statute of limitations and/or sovereign immunity. It argues that the chancery court incorrectly ruled in favor of Jackson Oaks, and that the amount of the award was incorrect. If Rule 59(e) does not apply to these requests for relief, then it applies to none, and Rule 59(e) has been subsumed by Rule 60(b) and its more lenient time for filing.

¶13. The majority errs when it says that a Rule 59(e) motion to alter a judgment should be considered a Rule 60 motion if it is filed later than ten days after entry of judgment. Rule 59(e) requires that a motion such as the one at bar be brought "not later than ten days after entry of the judgment," and leaves no room for discretion unless some action has been taken within the time frame. Rule 60 motions must only be brought within a reasonable time after entry of judgment. To say that a Rule 59(e) motion can be treated as a Rule 60 motion if not brought within the ten days required by the Rule would subvert the unambiguous time requirement of the Rule. Furthermore, the Comment to Rule 59(e) states as follows: "A motion to alter or amend must be served within ten days after the entry of judgment; the court is not permitted to extend this time period."

¶14. Because the city failed to bring its motion within the ten days required by MRCP 59(e), the chancellor correctly denied it as untimely. To simply couch the motion as a "Motion for Clarification and Relief from Judgment" does not alter the fact that the city is attempting to amend the judgment, and to do this it must meet the requirements of Rule 59(e). Accordingly, I dissent.

**EASLEY, J., JOINS THIS OPINION.**

1. M.R.C.P. 59(b) and Fed. R. Civ. Proc. 59(b) have since been amended to require that the motion be *filed* within ten days following entry of judgment.