# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2015-CA-01309-COA

MICHAEL STEVENS                                                          APPELLANT

v.

DERRICK WADE, PERSONALLY, AND AS AN                    APPELLEES
EMPLOYEE OF WESLEY HOUSE
COMMUNITY CENTER, INC., ANDY HODGES,
PERSONALLY, AND AS AN EMPLOYEE OF
WESLEY HOUSE COMMUNITY CENTER,
INC., GINGER GRISSOM STEVENS,
PERSONALLY, AND AS DIRECTOR OF
WESLEY HOUSE COMMUNITY CENTER,
INC., WESLEY HOUSE COMMUNITY
CENTER, INC., NATIONAL BOARD OF
GLOBAL MINISTRIES OF THE UNITED
METHODIST CHURCH AND BOARD OF
DIRECTORS OF WESLEY HOUSE
COMMUNITY CENTER, INC.

| | |
|---|---|
| DATE OF JUDGMENT: | 08/06/2015 |
| TRIAL JUDGE: | HON. LESTER F. WILLIAMSON JR. |
| COURT FROM WHICH APPEALED: | LAUDERDALE COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | GLENN S. SWARTZFAGER |
| ATTORNEYS FOR APPELLEES: | WADE G. MANOR |
| | JAMES LEROY BANKS IV |
| | WILLIAM E. READY JR. |
| | HENRY P. PATE III |
| NATURE OF THE CASE: | CIVIL - TORTS - OTHER THAN PERSONAL INJURY AND PROPERTY DAMAGE |
| TRIAL COURT DISPOSITION: | DENIED APPELLANT'S MOTION FOR RELIEF FROM JUDGMENT |
| DISPOSITION: | AFFIRMED - 03/21/2017 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**BARNES, J., FOR THE COURT:**

¶1.     This case stems from the dismissal of Michael Stevens's malicious-prosecution case after his nearly two-year delay in answering discovery. Stevens appeals the judgment of the Circuit Court of Lauderdale County, which denied his motion for relief from a judgment of dismissal. Finding no error, we affirm.

### STATEMENT OF THE FACTS AND PROCEDURAL HISTORY

¶2.     On July 8, 2013, Stevens filed a complaint in the Lauderdale County Circuit Court against Wesley House Community Center (Wesley House); Derrick Wade and Andy Hodges, personally and as employees of Wesley House; and Ginger Grissom Stevens (Ginger), personally and as director of Wesley House; the Board of Directors of Wesley House (Board); and the National Board of Global Ministries of the United Methodist Church (Global Ministries Board). Stevens alleged malicious prosecution,[1] abuse of process, and both intentional and negligent infliction of emotional distress, seeking unspecified compensatory damages and $1,000,000 in punitive damages.

¶3.     The Defendants subsequently answered, and on March 13, 2014, discovery was propounded, with Ginger's filing a first request for interrogatories and production of documents on Stevens. Nearly three months later, on June 2, 2014, Ginger sent a letter via email to Stevens's counsel, D. Andrew Hassin, requesting a response to the discovery. On July 14, 2014, Stevens personally filed a letter stating he had been unable to reach his

---

[1] The malicious-prosecution claim stemmed from an assault charge where Stevens allegedly charged at Wade and Hodges with a chain saw. Stevens was found guilty in municipal court; however, the case was appealed to county court, where it was dismissed.

attorney for several weeks. Stevens noted that Hassin was no longer located in the office where Stevens had hired him, and was told Hassin had been hospitalized. In the letter, Stevens informed the court he was in the process of hiring a new attorney, but the record indicates he never did.

¶4.     On August 15, 2014, Ginger's counsel, Wade Manor, sent a letter to Hassin via email demanding discovery responses by August 20, 2014, or a motion to compel would be filed. After no response from either Hassin or Stevens, Ginger filed a motion to compel discovery responses on September 19, 2014.

¶5.     A hearing on the motion to compel was noticed on Stevens for November 18, 2014, via regular mail; however, neither Stevens nor Hassin attended. The circuit court therefore issued an order stating Stevens had until December 5, 2014, to provide discovery responses. The order was sent via regular mail and email to Hassin. On December 22, 2014, after no response from Stevens or Hassin, and no other communication between the parties, Ginger filed a motion to dismiss, which was granted as to all Defendants by the circuit court on January 26, 2015.

¶6.     Hassin claimed he learned of the case's January 2015 dismissal with prejudice via an email from Manor's office on April 20, 2015.[2] Hassin waited another two weeks before filing a motion for relief from judgment on May 7, 2015. He explained that the reason for

_____

[2] However, Hassin stated that he sent Manor an email on January 27, 2015, asking to speak about the case, which was coincidentally one day after the order of dismissal was entered. Manor responded stating that he had just left Hassin a voice-mail message, and to feel free to call him back. Hassin stated he played "phone tag" but never made contact with Manor.

the delay in discovery responses was "a simple mistake" – that in October 2014, Hassin relocated his office from Jackson to Ridgeland, Mississippi.[3] He noted the address change was updated on the Mississippi Bar's website; however, Hassin's email address did not change.

¶7. On June 10, 2015, a hearing on the motion for relief from judgment was held, but the attorney for Appellees Wade, Hodges, Ginger, and the Global Ministries Board (Wade Manor), was absent, and the attorney for Wesley House and its Board (William Ready), objected to the hearing as he had not been notified of it. Accordingly, the circuit court continued the hearing until July 1, 2015; so proper notice could be given to both Manor and Ready.

¶8. At the July 1, 2015 hearing, where Manor and Ready were present, the circuit judge thoroughly questioned Hassin about his failure to respond to the order compelling discovery, and both his and his client's failure to prosecute the lawsuit. Hassin stated that he had been unable to communicate because he had been hospitalized three times for drug treatment from June through September 2014,[4] for several weeks each time; therefore, his neglect of the case was not willful. Further, Hassin claimed that he had not received notice of any of the proceedings of the case because of his office's relocation around the time of his drug treatment, but he admitted that he failed to provide the court or opposing counsel his new

---

[3] While not cited, Stevens's motion for relief from judgment was pursuant to Mississippi Rule of Civil Procedure 60(b)(2), for accident or mistake.

[4] Hassin testified he was hospitalized from June 2 through 17, 2014, July 2 through 17, 2014, and August 21 through September 23, 2014.

address. Hassin took responsibility for the lack of communication, but stated his client was unaware of the situation and should not be penalized. However, the circuit judge noted that Stevens knew he could not communicate with his attorney back in July 2014, because Stevens filed a letter with the court stating such. At the hearing, Hassin also gave the Appellees his client's answers to interrogatories, but did not respond to the request for production of documents.

¶9. The circuit court rejected Hassin's arguments for relief from dismissal, and denied the motion. Stevens timely appealed the order of dismissal.

## STANDARD OF REVIEW

¶10. This Court applies the limited standard of review of abuse of discretion when examining the grant or denial of a Rule 60(b) motion. *Stringfellow v. Stringfellow*, 451 So. 2d 219, 221 (Miss. 1984) (citation omitted).

## ANALYSIS

¶11. Stevens focuses his appellate arguments entirely on the circuit court's dismissal of his case under Mississippi Rule of Civil Procedure 37(b) for failure to respond to written discovery in a timely fashion, and to a lesser extent failure to prosecute the case. However, Stevens focus is misplaced, as he did not appeal the judgment of dismissal, but the order denying relief from judgment under Rule 60(b). The appeal from a denial of a Rule 60(b) motion "brings up for review only the order of denial itself and not the underlying judgment." *Melton v. Smith's Pecans Inc.*, 65 So. 3d 853, 858 (¶18) (Miss. Ct. App. 2011) (quoting *Overbey v. Murray*, 569 So. 2d 303, 305 (Miss. 1990)). Accordingly, we primarily

5

address the order denying relief and not the merits of the dismissal.

¶12.    Rule 60(b)(2) provides relief from judgments obtained through accident or mistake.[5] The rule "provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances, and that neither ignorance nor carelessness on the part of an attorney will provide grounds for relief." *Stringfellow*, 451 So. 2d at 221 (citation omitted). "[A] balance must be struck between granting a litigant a hearing on the merits with the need and desire to achieve finality in litigation." *Id.* The movant "must make some showing that he was justified in failing to avoid mistake or inadvertence; gross negligence, ignorance of the rules, or ignorance of the law is not enough." *Id.*

¶13.    In its order, the trial court denied Stevens's motion for Rule 60(b) relief, finding the

---

[5] Rule 60(b) provides, in part:

(b) Mistakes; Inadvertence; Newly Discovered Evidence; Fraud, etc. On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons:

(1) fraud, misrepresentation, or other misconduct of an adverse party;

(2) accident or mistake;

(3) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application;

(6) any other reason justifying relief from the judgment.

6

case's initial dismissal was proper due to repeated failures to comply with discovery requests, repeated disregard for procedural directives of the court, and in general want of prosecution. Aggravating factors considered for whether dismissal was appropriate were willfulness or bad faith; the use of less drastic sanctions for deterrence; the extent to which Stevens, as distinguished from his counsel, was personally responsible for the delay; and the degree of actual prejudice to the Defendants. *Batson v. Neil Spelce Assocs.*, 765 F.2d 511, 514 (5th Cir. 1985); *Stacy v. Johnson*, 25 So. 3d 365, 368 (¶11) (Miss. Ct. App. 2009) (citation omitted). In its order of dismissal, the circuit court stated:

> From July of 2013 to May of 2015, the record is void of any actions taken by Mr. Hassin to diligently pursue the cause of action. Plaintiff, who was aware of Mr. Hassin's failure to pursue the cause of action, also failed to communicate with the Court or opposing counsel following his July 2014 letter in which he stated he was attempting to obtain new counsel. This total lack of communication caused the action to continue for two years without any actual progress. To allow the Plaintiff to move forward with litigation at this point would result in prejudice to the Defendants, as they believed the case was concluded months ago and material witnesses may no longer be available to testify to an event that occurred more than two years ago.

> Plaintiff, who is asking for one million dollars in damages from Defendants, has a responsibility to tend to his case and the Court has a responsibility to handle the docket. At some point, deadlines must be enforced because otherwise the Court is unable to manage the docket.

¶14.    Here, neither the counsel's nor the client's lack of action, through either accident or mistake, is excusable due to an "exceptional circumstance" that would allow relief from the judgment of dismissal. Most of the delays in the case Hassin attributes to the relocation of his office and his being hospitalized for the treatment of drug addiction for several months. He claims his client has no responsibility for the delays. Yet, the record shows both Stevens

7

and Hassin had opportunities to engage in the case's litigation, but did not.

¶15.    The record shows that both Stevens and Hassin failed to cooperate with the Appellees' attempts to conduct discovery. When Stevens failed to respond within thirty days to Ginger's first request for interrogatories and request for production of documents, two letters were sent to Hassin via email inquiring on its status, on June 2, 2014, and August 15, 2014. Hassin never responded to the correspondence. When Ginger filed the motion to compel discovery, Hassin undisputedly received it but never filed a response. Neither Stevens nor Hassin appeared at the November 18 hearing, yet the notice was sent to Hassin via regular mail. However, because he did not change his address with the court, it was sent to his old address. While Hassin's physical address changed, his email address did not, and the order compelling discovery responses by December 5, 2014, was emailed to Hassin on November 19, 2014. Apparently, however, Hassin was not checking his email, because there was no response to the discovery by this date. Hassin was not hospitalized during the November-to-December time frame.

¶16.    At the hearing in July 2015, Hassin admitted he had no record of notifying Appellees' counsel of his office relocation. Further, he never sent a notice of relocation to the circuit court. Stevens apparently found out about the move due to his letter to the circuit court in July 2014, but he never hired a new attorney or answered discovery, as he said he would. At the hearing, Hassin, still Stevens's attorney, finally provided the sworn answers to the interrogatories, but it was almost six months after the case's dismissal and almost two months after the filing of the motion for relief. He, however, made no response to the

8

request for production of documents.

¶17.    The Appellees cite to *Palmer v. Grand Casinos of Mississippi Inc.*, 744 So. 2d 745 (Miss. 1999), as a similar situation, and we agree.  In *Palmer*, the plaintiff's attorney had several severe medical problems, and thus failed to answer discovery, respond to notices of depositions, or appear at a hearing on the defendant's motion to dismiss.  *Id.* at 745 (¶1). The case was dismissed, and the trial court denied a motion for relief under Rule 60(b).  *Id.* at (¶2).  The Mississippi Supreme Court acknowledged it had no authority to address the merits of the order of dismissal, but found errors and omissions of plaintiff's counsel due to health issues did not rise to the level of "exceptional circumstances."  *Id.* at 745-46 (¶¶2, 6).  The supreme court affirmed the denial of relief under Rule 60(b)(2).  *Id.* at 747 (¶8).

¶18.    Likewise, Stevens failed to show adequate grounds for relief under Rule 60(b)(2). Hassin's  hospitalization for drug treatment does not rise to an extraordinary circumstance as he had numerous later opportunities to respond to correspondence.  Additionally, Stevens could have pursued hiring another attorney, but failed to do so.  Therefore, the circuit court properly exercised its discretion in denying the motion for relief from judgment.  We affirm.

¶19.    **THE JUDGMENT OF THE CIRCUIT COURT OF LAUDERDALE COUNTY IS AFFIRMED.  ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.**

   **LEE, C.J., IRVING, P.J., ISHEE, CARLTON, FAIR, WILSON AND WESTBROOKS, JJ., CONCUR.  GRIFFIS, P.J., AND GREENLEE, J., NOT PARTICIPATING.**