# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2020-CP-01119-COA

**NANCY MIZE AND CHARLES MIZE**                                 **APPELLANTS**

**v.**

**SHILOH MARKET, INC.**                                                          **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 09/03/2020 |
| TRIAL JUDGE: | HON. MICHAEL PAUL MILLS JR. |
| COURT FROM WHICH APPEALED: | ALCORN COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANTS: | NANCY MIZE (PRO SE) |
| | CHARLES MIZE (PRO SE) |
| ATTORNEYS FOR APPELLEE: | EDRICKE LEMOYNE PEYTON |
| | JARED SEGER RENFROE |
| NATURE OF THE CASE: | CIVIL - PERSONAL INJURY |
| DISPOSITION: | AFFIRMED - 03/22/2022 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE BARNES, C.J., McCARTY AND SMITH, JJ.**

**McCARTY, J., FOR THE COURT:**

¶1.     A woman was allegedly injured after tripping over a broom in a supermarket, and she and her husband later sued for damages. The supermarket propounded discovery, but the couple never responded even though a court order compelled them to do so. Due to their failure to cooperate in discovery, the trial court dismissed their lawsuit. Because this sanction is within the discretion of the trial court, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2.     Nancy Mize claims she was injured after tripping over a broom at the Shiloh Market in Corinth, Mississippi. She and her husband filed a complaint against the supermarket. The

grocery store answered the complaint, and the next day propounded written discovery on the Mizes. A little over a month later, the parties discussed the matter and agreed to extend the time for the Mizes to respond to discovery by one more month.

¶3.     Despite the agreed-upon extension, the Mizes still did not respond. Shiloh Market consulted with the attorney for the Mizes, who acknowledged that the responses were overdue, and said she would have them done soon. Weeks passed, and there was still no response. So Shiloh Market filed a motion to compel the Mizes to respond to written discovery.

¶4.     The motion resulted in an agreement between the parties, which the trial court formalized as a Consent Order. The Consent Order on the defendant's motion to compel required the couple to provide responses to the discovery requests. The order held that "Plaintiffs *shall* respond to Defendant's Interrogatories and Requests for Production to Plaintiffs by March 16, 2020." (emphasis added).

¶5.     Despite the clear deadline in the Court's order and the passage of months since the discovery was originally propounded, the Mizes still did not respond.

¶6.     Roughly a month later, the attorney for Shiloh Market emailed the Mizes' attorney to let her know that the company would file a motion to compel and for sanctions if the discovery responses were not received. The Mizes' attorney failed to respond. Counsel for the supermarket again emailed the Mizes' attorney to discuss the past-due discovery responses. In this email, the lawyer for the store explained to the Mizes' attorney that they "have no other choice than to file a Motion with the Court."

¶7. At this point, the Mizes still had not responded to discovery despite their counsel saying she was "99% finished" with it. Shiloh Market subsequently filed its renewed motion to compel and for sanctions.

¶8. A few months after the motion was filed, the trial court dismissed all the Mizes' claims. In its order, the trial court pointed out the fact that the Mizes completely failed to answer discovery. At the time of the dismissal, the couple still had not responded.

¶9. Afterwards, the couple asked the court to reconsider. For the first time, they argued that they were not given notice that the court was considering dismissing their case, and the ongoing discovery delay was due to their attorney, who had changed firms, had technical issues setting up a home office during the COVID-19 pandemic, and experienced mental health and other wellness issues. They further argued that the court did not consider lesser sanctions before dismissing their case.

¶10. The trial court denied the motion, and the couple proceeded pro se, timely filing their notice of appeal.

**STANDARD OF REVIEW**

¶11. "The decision to impose sanctions for discovery abuse is vested in the trial court's discretion." *Pierce v. Heritage Props. Inc.*, 688 So. 2d 1385, 1388 (Miss. 1997). "The provisions for imposing sanctions are designed to give the court great latitude." *Id*. "The power to dismiss is inherent in any court of law or equity, being a means necessary to orderly expedition of justice and the court's control of its own docket." *Id*. "Nevertheless, the trial court should dismiss a cause of action for failure to comply with discovery only under the

most extreme circumstances." *Id*. "Such dismissals by the trial court are reviewed under an abuse of discretion standard." *Id*.

¶12. "When this Court reviews a decision that is within the trial court's discretion, it first asks if the court below applied the correct legal standard." *City of Jackson v. Rhaly*, 95 So. 3d 602, 607 (¶10) (Miss. 2012). "If the trial court applied the right standard, then this Court considers whether the decision was one of several reasonable ones which could have been made." *Id*. "This Court will affirm a trial court's decision unless there is a 'definite and firm conviction that the court below committed a clear error of judgment in the conclusion it reached upon weighing of relevant factors.'" *Id*. (quoting *Amiker v. Drugs for Less Inc.*, 796 So. 2d 942, 948 (¶24) (Miss. 2000)).

## ANALYSIS

### I. The trial court did not abuse its discretion by dismissing the Mizes' case.

¶13. The Mizes contend that the trial court's dismissal of their case was the result of a "breach of fiduciary duty owed to them by their counsel" and not due to any misconduct or conduct by the Mizes themselves. The couple argues they timely provided their attorney with information to complete their discovery responses and that "it was the grave mistake of their previous counsel that caused their claims to be dismissed." In their view, an "extraordinary circumstance and/or mistake/misconduct is the primary cause for the dismissal of [their] claim at the trial court level," so we should reverse and reinstate their complaint.

¶14. In dismissing the claims by the Mizes, the trial court relied on Mississippi Rule of Civil Procedure 37(b), along with its discretionary authority to "protect the integrity of the

4

judicial process." *Pierce*, 688 So. 2d at 1388. Rule 37 is the enforcement mechanism of discovery in our Rules of Civil Procedure. "In summary, these rules give the trial court the power to impose just and appropriate sanctions for failure to comply with an order to provide or permit discovery." *Id*. at 1388. "[T]he court may impose upon any party or counsel such sanctions as may be just, including the payment of reasonable expenses and attorneys' fees, if any party or counsel . . . abuses the discovery process in seeking, making or resisting discovery." M.R.C.P. 37(e).

¶15. The Mississippi Supreme Court has "empowered trial courts with the discretionary authority to sanction, including the authority to dismiss an action[.]" *Ashmore v. Miss. Auth. on Educ. Television*, 148 So. 3d 977, 981 (¶10) (Miss. 2014). The Supreme Court "has found that those justified sanctions include the 'death penalty' of a civil action—dismissal with prejudice—when the deterrent value of Rule 37 cannot be achieved by the use of less drastic sanctions." *May v. Austin ex rel. Austin*, 240 So. 3d 389, 393 (¶14) (Miss. 2018) (internal quotation mark omitted).

¶16. The Supreme Court first established a case could be dismissed for a discovery violation in *Pierce*, 688 So. 2d at 1388-92. In that case, our Supreme Court analyzed the application of Rule 37 and the appropriateness of dismissal as a sanction. *Id*. The plaintiff was injured when a ceiling fan in her apartment fell onto her. *Id*. at 1387. Throughout discovery, and even at trial, Pierce swore she was alone when the fan fell from the ceiling. *Id*. However, the defendants discovered via an anonymous phone call after the first trial that Pierce was not alone when the accident occurred and that there was an unknown witness to

5

what happened. *Id*. at 1398. The circuit court found that Pierce's "intentional presentation of false testimony warranted the sanction of dismissal with prejudice[.]" *Id*. In affirming, the *Pierce* Court held it would remain reluctant to "uphold the sanction of dismissal (the 'death penalty')[,]" yet the Court did so only because of "the paradigm situation in which the plaintiff knowingly refused to be forthcoming and actively withheld the truth from the court . . . ." *Id*. at 1391.

¶17.   Our precedent has instituted a test and factors to be considered when determining if the trial court's decision to impose sanctions for discovery violations is proper. *Young v. Merritt*, 40 So. 3d 587, 589-90 (¶10) (Miss. Ct. App. 2009). The factors are:

> (1) whether the discovery violation resulted from willfulness or an inability to comply; (2) whether the deterrent value of Mississippi Rule of Civil Procedure 37 could not have been achieved through lesser sanctions; (3) whether the other party's trial preparation has been prejudiced; (4) whether the failure to comply is attributable to the party itself, or their attorney; and (5) whether the failure to comply was a consequence of simple confusion or a misunderstanding of the trial court's order.

*Id*.

¶18.   In *Young*, we affirmed a dismissal with prejudice where the plaintiff never responded to discovery—and critically, did not respond after an order compelling the responses. *Id*. at 588-90 (¶¶3-5, 11-12). "While dismissal with prejudice should only be used as a last resort, it is within the trial court's discretion to dismiss the case with prejudice if a party fails to comply with an order to compel." *Id*. at 590 (¶11).

¶19.   *Young* is strikingly similar to the instant case. First, Shiloh Market filed a motion to compel the Mizes' responses to discovery because the couple failed to respond to discovery

for three months. Like the parties in *Young* who agreed to an order dismissing the case with prejudice, the Mizes also agreed to a Consent Order. As a result, the Mizes were required to respond to discovery at a later date. This was no flexible deadline, but rather a definite and firm one clearly expressed by the trial court—"Plaintiffs *shall* respond to Defendant's Interrogatories and Requests for Production to Plaintiffs by March 16, 2020." (emphasis added). The deadline set by the trial court came and went, and the Mizes still did not respond to discovery. Indeed, the Mizes *never* responded to discovery in any fashion.

¶20. As set out above, it is within a trial court's discretion to dismiss with prejudice when a party fails to comply with a court ordered deadline to respond to discovery. *Id*. at 590 (¶12). This is in accord with multiple other cases where our appellate courts have upheld dismissals with prejudice when a party utterly fails to cooperate in discovery. *See Hillman v. Weatherly*, 14 So. 3d 721, 727-28 (¶¶21-25) (Miss. 2009) (the trial court's dismissal of former client's legal malpractice complaint against attorney was not an abuse of discretion when former client did not respond to attorney's discovery requests for three years); *Beck v. Sapet*, 937 So. 2d 945, 949-51 (¶¶8-14) (Miss. 2006) (dismissal with prejudice of breach of contract complaint based on homeowners' failure to comply with discovery orders was not an abuse of discretion); *Buckley v. Singing River Hosp.*, 146 So. 3d 365, 372 (¶20) (Miss. Ct. App. 2013) (holding "[r]epeated failures to comply with discovery requests warrant dismissal with prejudice"). On the other end of the spectrum, we have held dismissal to be too strong a punishment when a pro se plaintiff filed her discovery responses only one day too late. *See Harvey v. Stone Cnty. Sch. Dist.*, 862 So. 2d 545, 550-51 (¶¶12-18) (Miss. Ct. App. 2003)

7

(finding dismissal with prejudice too harsh a sanction when pro se high school cheerleader's discovery response was served one day late after court-ordered deadline). In sum, these cases demonstrate the peril of failing to cooperate in discovery.

¶21. In accord with *Young* and the cases set out above, the trial court was within its discretion to dismiss the Mizes' case as a sanction for violating the rules of discovery. As detailed above, the Mizes refused to cooperate with the discovery process and violated a court order compelling their responses. We affirm the trial court's dismissal.[1]

## II. The trial court did not abuse its discretion in denying the Plaintiffs' Rule 60 motion.

¶22. In their second issue, the Mizes claim they had no notice that their case could have been dismissed for failure to cooperate in discovery. They proceed to claim that "[a]t no time did [they know] that Shiloh Market sought to dismiss all of their claims for discovery violations." In their reply brief, the Mizes hone in on the fact that they personally had no part in "their counsel's willful failure to complete discovery." The Mizes claim "the sole basis for the dismissal was due to [their] previous counsel's discovery violations, i.e., her failure to submit Plaintiffs' completed discovery responses."

---

[1] The trial court never explicitly specified whether the dismissal was *with* or *without* prejudice. In cases where complaints are dismissed due to a lack of prosecution, a dismissal is construed as with prejudice unless it otherwise specifically stated. *See Taylor v. Gen. Motors Corp.*, 717 So. 2d 747, 748 (¶5) (Miss. 1998). As the Supreme Court held in that case, "[u]nless otherwise specifically ordered by the court, an involuntary dismissal under Rule 41(b) ordinarily operates as an adjudication upon the merits and is with prejudice." *Id*.

Given this analogous support, we interpret the trial court's dismissal of the Mizes' case for failure to comply with Rule 37 as a dismissal *with* prejudice. This conclusion is bolstered by the trial court's denial of the motion to reconsider, in which it noted that there were no lesser sanctions which would suffice given the Mizes' failure to comply with the order compelling discovery responses, or indeed, to ever respond to discovery at all.

8

¶23. Rule 60 motions allow a trial court to reexamine a decision to address "accident or mistake," "newly discovered evidence," and "any other reason justifying relief from the judgment," among other remedies. M.R.C.P. 60(b)(1), (3), (6). "Rule 60(b) motions are generally addressed to the sound discretion of the trial court, and appellate review is limited to whether that discretion has been abused." *Palmer v. Grand Casinos of Miss. Inc.*, 744 So. 2d 745, 746 (¶3) (Miss. 1999). "Rule 60(b) is not an escape hatch for litigants who had procedural opportunities afforded under other rules and who without cause failed to pursue those procedural remedies." *Id*. "Rule 60(b) is designed for the extraordinary, not the common place." *Id*.

¶24. "Rule 60(b) provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances, and that neither ignorance nor carelessness on the part of an attorney will provide grounds for relief." *Stringfellow v. Stringfellow*, 451 So. 2d 219, 221 (Miss. 1984). "[G]ross negligence, ignorance of the rules, or ignorance of the law is not enough." *Id*. " [R]elief from a judgment is not to be granted under Rule 60(b) simply because its entry may have resulted from *incompetence or ignorance* on the part of an attorney employed by the party seeking relief." *Id*. (emphasis in original).

¶25. In their Rule 60(b) motion, the Mizes asserted for the first time that the discovery violations were not willful, but rather due to the fact that their attorney changed firms, had technical issues setting up her home office during the COVID-19 pandemic, and experienced mental health and other wellness issues. The Mizes' attorney later admitted that during the time discovery was due, she struggled with lethargy, insomnia, loneliness, and had difficulty

9

completing personal and professional tasks.

¶26. In its order dismissing the case, the trial court pointed out that, "[p]laintiffs ignored the Mississippi Rules of Civil Procedure; they ignored repeated deadlines set by agreement with defense counsel; and they ignored deadlines pursuant to an order from this Court." The trial court noted that "[t]heir ongoing failure to provide discovery responses is harmful and unnecessarily unfair to Defendant . . . ." And finally, the trial court concluded that the Mizes' "excuses for failing to respond to discovery do not rise to the level of 'exceptional circumstances' to warrant setting aside the judgment of dismissal pursuant to Rule 60(b)."

¶27. As the trial court noted in its order, discovery had been outstanding for a year and a half despite a court order compelling the plaintiffs to respond. While we acknowledge the difficult circumstances the Mizes' counsel experienced, they do not meet the "exceptional circumstances" criteria that would justify reversing the trial court's decision.

¶28. As our Supreme Court has stated, "[w]hile the end result in today's case may appear to be harsh, litigants must understand that there is an obligation to timely comply with the orders of our trial courts." *Bowie v. Montfort Jones Mem'l Hosp.*, 861 So. 2d 1037, 1043 (¶16) (Miss. 2003). "[T]he parties must take seriously their duty to comply with court orders." *Id*. "At some point the train must leave." *Id*. In this case, the trial court was within its discretion to find that the train had left.

## CONCLUSION

¶29. Because the Mizes failed to cooperate in the discovery process, we find that the trial court did not abuse its discretion by dismissing their case pursuant to Rule 37. We also find

the trial court did not err in denying the Mizes' Rule 60(b) motion.

¶30.   **AFFIRMED.**

      **BARNES, C.J., CARLTON AND WILSON, P.JJ., GREENLEE, LAWRENCE, SMITH AND EMFINGER, JJ., CONCUR.  WESTBROOKS AND McDONALD, JJ., CONCUR IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION.**